CENTIMARK CORPORATION, Appellee,

v.

BROWN SPRINKLER SERVICE, INC.; Kilgore Detective
Agency & Security Service, Inc., Appellant.

[Cite as *Centimark Corp. v. Brown Sprinkler Serv., Inc.* (1993), 85 Ohio App.3d 485.]

Court of Appeals of Ohio,
Ashtabula County.

No. 92–A–1730.

Decided March 29, 1993.

*Robert I. Chernett,* for appellee.

*Kenneth J. Knabe* and *Roy J. Schechter,* for appellant.

NADER, Judge.

This appeal is from a decision of the Ashtabula County Court of Common Pleas, which granted the motion to disqualify counsel of appellant, Kilgore Detective Agency & Security Service, Inc., filed by appellee, Centimark Corporation.[1]

---

1. *Russell v. Mercy Hosp.* (1984), 15 Ohio St.3d 37, 15 OBR 136, 472 N.E.2d 695, held that the granting of a motion to disqualify counsel is a final appealable order.

Appellee filed a complaint against appellant and Brown Sprinkler Service, Inc. Appellee then filed a motion to disqualify counsel representing Kilgore Detective Agency & Security Service, Inc., Theodore M. Dunn, Jr. and the law firm of Janik, Lester & Dunn. Previously, attorney Dunn had represented Consolidated Enterprises, Inc., appellee's predecessor corporation, and a wholly owned subsidiary of appellee, Northern Industrial Maintenance of Ohio, Inc.

Appellee's basis for the motion was the divulgence of confidential information concerning the business operations of appellee, and that the litigation involves the same branch office of appellee as the prior case. Attached to appellant's brief in opposition to the motion was the affidavit of Theodore M. Dunn, Jr., setting forth the facts of the present controversy and the facts of the previous litigation, *Consol. Ent., Inc. v. Oliver House Ltd. Partnership*, Cuyahoga C.P. No. 137333. On May 12, 1992, the trial court granted the motion to disqualify, stating:

"In deciding this issue, the court is expected in some fashion to divine what took place in the *Oliver House* litigation and, having done that, predict the course of litigation in the instant case. This means knowing the extent of the confidential information concerning business practices and other confidential information received by Dunn and JL & D in *Oliver House* and how it might apply in this case. Despite the assertions to the contrary, it is reasonable to conclude that this information could have a bearing on or pose some advantage for Kilgore or some disadvantage to Centimark in the matter at hand. The Court is unwilling to speculate, especially in a sensitive area of legal ethics as this issue poses. The Court believes that the interests of justice require that plaintiff's Motion to Disqualify * * * should be granted."

■ A trial court has wide discretion in the consideration of motions to disqualify counsel, and a trial court's determination will not be reversed upon review in the absence of an abuse of that discretion. *Maple Hts. v. Redi Car Wash* (1988), 51 Ohio App.3d 60, 61, 554 N.E.2d 929, 930, citing *Mentor Lagoons, Inc. v. Rubin* (1987), 31 Ohio St.3d 256, 31 OBR 459, 510 N.E.2d 379; and *Royal Indemn. Co. v. J.C. Penney Co.* (1986), 27 Ohio St.3d 31, 27 OBR 447, 501 N.E.2d 617. *AAAA Ent., Inc. v. River Place Community Urban Redevelopment Corp.* (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597, 600, states:

" 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable. * * * It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

"A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo*, would not have found that reasoning process to be persuasive,

perhaps in view of countervailing reasoning processes that would support a contrary result."

In *Morgan v. N. Coast Cable Co.* (1992), 63 Ohio St.3d 156, 586 N.E.2d 88, the court held that a stranger to the attorney-client relationship lacked standing to assert a conflict of interest. In support of its determination, the court cited *Dana Corp. v. Blue Cross & Blue Shield Mut. of N. Ohio* (C.A.6, 1990), 900 F.2d 882, and in a footnote set forth the holding of *Dana Corp.*:

"In *Dana Corp., supra,* the United States Sixth Circuit Court of Appeals stated a three-part test for disqualification of counsel: '(1) a past attorney-client relationship existed between the party seeking disqualification and the attorney it seeks to disqualify; (2) the subject matter of those relationships was/is substantially related; and (3) the attorney acquired confidential information from the party seeking disqualification. * * *' (Citation omitted.) *Id.* at 889." *Morgan,* 63 Ohio St.3d at 159, 586 N.E.2d at 90, fn. 1.

*Morgan* at 159, 586 N.E.2d at 90, further stated:

"Many courts that have dealt with the issue of whether disqualification of counsel is proper have looked to their respective codes of professional responsibility for guidance. Our research indicates that courts in Ohio are not an exception to this practice."

DR 4–101 concerns the preservation of confidences and secrets of a client. DR 4–101(A) defines "confidences" as information protected by the attorney-client privilege. "Secret" is defined as "other information gained in the professional relationship that the client has requested be held inviolate or the disclosure of which would be embarrassing or would be likely to be detrimental to the client." *Id.*

DR 4–101(B)(2) mandates that a lawyer shall not knowingly "use a confidence or secret of his client to the disadvantage of the client." EC 4–6, in part, states:

"The obligation of a lawyer to preserve the confidences and secrets of his client continues after the termination of his employment."

■ If we refer to Ohio's Code of Professional Responsibility to determine the propriety of the disqualification of counsel, *i.e.,* DR 4–101, and its Ethical Considerations, a former client must demonstrate the existence of a confidence or secret, and that the knowing use of such confidence or secret would work to the former client's disadvantage. Such a demonstration would closely follow the three-part test set forth in *Morgan,* 63 Ohio St.3d at 159, 586 N.E.2d at 90.

■ While looking toward the Code of Professional Responsibility for guidance in considering the disqualification of counsel, the trial court should be mindful that disqualification is a drastic measure. In fact, a violation of the Code of

Professional Responsibility alone should not result in a disqualification, unless disqualification is found to be absolutely necessary. See *Gould, Inc. v. Mitsui Mining & Smelting Co.* (N.D.Ohio 1990), 738 F.Supp. 1121 (although it involves a conflict of interest among several current clients, we find the discussion insightful.) Certainly, more is required than an allegation of an ethical violation. *Kitchen v. Aristech Chem.* (S.D.Ohio 1991), 769 F.Supp. 254, 257, dealing with an *ex parte* communication with a former confidential employee of the opposing party, and suggesting the guideline of "a reasonable possibility that some specifically identifiable impropriety actually occurred."

No sound reasoning process supports the trial court's abdicating its judicial authority in the consideration of a motion to disqualify counsel's motion, upon an allegation involving the "sensitive area of legal ethics." A sound judicial policy may exist in erring on the side of caution; however, a court should not deny the opposing party its choice of counsel solely upon an allegation of a conflict. The Supreme Court agreed with the trial court's statement in *Morgan,* 63 Ohio St.3d at 161, 586 N.E.2d at 91, requiring some evidence to suggest that the former representation is substantially related to the present action, and finding an unsupported allegation to be insufficient.

■ Here, the trial court's legitimate concerns for the preservation of confidential matters would be more properly addressed with the use of *in camera* inspections in conjunction with other appropriate protective orders. The moving party bears the burden of demonstrating the need to disqualify counsel even though the allegation involves ethical considerations.

■ The trial court abused its discretion in granting the motion to disqualify without a demonstration of the necessity to disqualify counsel. Based upon the foregoing, the decision of the trial court is hereby reversed and the cause is remanded for further proceedings not inconsistent with this opinion. A hearing should be held during which appellee must establish that, without such a disqualification of counsel, confidences or secrets gained in the professional relationship will be used to its detriment and without its consent.

*Judgment reversed*
*and cause remanded.*

FORD, P.J., and JOSEPH E. MAHONEY, J., concur.