OPINION
The defendant-appellant, Russell L. Britton ("appellant"), appeals the decision of the Marion County Court of Common Pleas denying his petition for post-conviction relief. For the following reasons, we affirm the judgment of the trial court.
The pertinent facts and procedural history of this case are as follows. On August 25, 1980 the appellant was found guilty of four counts of rape, in violation of R.C. 2907.02 and two counts of gross sexual imposition, in violation of R.C. 2907.05. He was sentenced to life imprisonment.[1] On September 21, 1996, the appellant filed a petition for post-conviction relief. The trial court dismissed this petition without a hearing. On June 19, 1997, this Court reversed the dismissal on appeal and remanded the case for further proceedings.
On July 31, 1997, the appellant requested an evidentiary hearing on his petition, which was held on June 8 and 9, 1998. On July 20, 1998, the trial court overruled the appellant's petition for post-conviction relief.
The appellant appealed this ruling asserting five assignments of error. His fifth assignment of error concerned a possible conflict of interest the Marion County Prosecutor's Office may have had in his case. On June 23, 1999, this Court remanded the case in order for a hearing to be held on the issue of whether the prosecutor should be disqualified for a conflict of interest. This court found the additional assignments of error moot and refrained from addressing them at that time.
The required evidentiary hearing was held on October 15, 1999. The trial court denied the appellant's motion to disqualify the Marion County Prosecutor's Office in a judgment entry dated November 8, 1999. It is from this judgment that the appellant now appeals. He is also requesting that this Court address all the issues previously raised in his first appeal from the denial of his petition for post-conviction relief. The appellant asserts five assignments of error in all.
The remedy of post conviction relief is provided for in R.C.2953.21. The statute provides the following:
 (A)(1) Any person who has been convicted of a criminal offense * * * who claims that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence * * *.
A post conviction hearing is a civil proceeding governed by the Rules of Civil Procedure. State v. Nichols (1984),11 Ohio St.3d 40, 42-43. In such a hearing, the petitioner bears the burden of proof. However, because post conviction hearings are civil in nature, the petitioner needs only to prove the claim by a preponderance of the evidence. State v. Aldridge (1997), 120 Ohio App.3d 122, 136.
As the appellant's first and fourth assignments of error raise essentially the same issue, they will be addressed simultaneously.
 Assignment of Error No. 1
The trial court erred when it failed to issues [sic] findings of fact and conclusions of law concerning the failure of the State to produce exculpatory evidence prior to and at trial and in violation of Brady v. Maryland
(1963), 373 U.S. 83.
 Assignment of Error No. 4
The State of Ohio failed to disclose exculpatory material evidence to the defense at appellant's trial in violation of Brady v. Maryland (1963), 373 U.S. 83.
The appellant contends that post conviction relief was warranted on the grounds that the State violated his due process rights by failing to provide complete discovery. The appellant claims that the State failed to disclose certain material and exculpatory evidence to the defense or the court at the time of the original trial. Specifically, the appellant contends that the State failed to produce a report concerning a medical examination of one of the victims. The report indicated that the victim's hymen was still intact. The appellant claims this evidence proves that the victim was not raped. For the following reasons, we disagree.
In Brady v. Maryland (1963), 373 U.S. 83, 87, the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to the accused upon request violates due process where evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Evidence is material under Brady "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceedings would have been different." State v. Johnston (1988), 39 Ohio St.3d 48. A "reasonable probability" is a probability sufficient to undermine the confidence in the outcome." Id. at 61.
The appellant contends that the State failed to disclose the medical report of one of the victims to the defense. However, the only evidence offered to support this contention is that the report was not listed in the Answer to Defendant's Motion for Discovery filed on August 8, 1980 and that the report was not introduced nor admitted into evidence at the trial. The appellant failed to provide any evidence affirmatively establishing that the document was not disclosed, but asks the court to assume that because it was not used at trial, it must not have been disclosed. The appellant failed to question his trial counsel or the prosecutor directly responsible for the original prosecution of this case concerning the disclosure of this document. Furthermore, the record reveals that the Marion County Prosecutor's Office employed an "open door policy" concerning discovery requests at that time. Rather than the regimented discovery procedures employed today, the defense counsel was free to review the State's files at will. The appellant has failed to meet his burden of proof in establishing that the State failed to disclose the medical examination in question.
Furthermore, even if the appellant had shown that the State had failed to disclose the medical report, the appellant has failed to establish that the information contained within the report rose to the level of material evidence. The medical report indicated that the eight-year old victim's hymen was intact. This information is consistent with the victim's testimony at the trial. The victim testified that the appellant did not get it (his penis) all the way inside of her. The actions testified to by the victim are sufficient to constitute rape and the findings of the medical examination are not inconsistent with the victim's testimony. This evidence does not raise a reasonable probability that had it been disclosed the result of the trial would have been different. Therefore, the appellant's due process rights were not violated in this matter.
Accordingly, the appellant's first and fourth assignments of error are overruled.
 Assignment of Error No. 2
The trial court erred when it failed to grant appellant postconviction relief when the state knew or should have known that the testimony presented by the victims at trial was perjured as a result of the medical tests requested by the state, the testimony elicited at the evidentiary hearing, as well as the affidavits attached to appellant's petition. [sic]
The appellant claims that he is entitled to post-conviction relief due to the fact that the State provided perjured testimony. For the following reasons, we disagree.
One of the victims in the case, Becky Holbrook, indicated at the evidentiary hearing that she lied at the trial in this matter. She stated that nobody forced her to do anything, specifically; the appellant never raped her as she had originally stated. She further testified that the deputies involved in this case convinced her that the appellant had done these various deeds and that the children were given assistance in coordinating their stories.
One of the allegations in this matter is that the appellant forced Holbrook and Leonard Blevins to have sex. While Holbrook recanted this testimony, Blevins testified consistently at both the original trial and the post-conviction relief hearing that this in fact happened.
The appellant failed to sustain his burden of establishing that the prosecution knew that the testimony of Holbrook was false. Evidence of perjury, without proof of knowledge on the part of the prosecution of that perjury, does not implicate constitutional rights and therefore does not support a petition for post-conviction relief. State v. Kimble (Sept. 22, 1988), Cuyahoga App. No. 54154, unreported. A review of the testimony presented, as well as the statements provided, clearly supports the trial court's finding that the appellant has failed to demonstrate that the State or any of the deputies involved in this case suborned perjury.
Accordingly, the appellant's second assignment of error is overruled.
 Assignment of Error No. 3
The trial court erred when it failed to consider under the preponderance of the evidence standard, the substantial contradictions found in the testimony given at the preliminary hearing, the police reports, the interviews, and the trial testimony given by the victim(s), which clearly demonstrate a lack of reliability in conjunction with the affidavits, the personal letters, and the testimony given at the evidentiary hearing. [sic]
The appellant contends that the trial court erred in not considering discrepancies in the testimony given by certain witnesses at the preliminary hearing and trial. The appellant failed to state this issue in his original petition for post-conviction relief. Therefore, pursuant to R.C.2953.21(A)(4), this ground for relief has been waived.
Furthermore, the crux of the appellant's argument is that Becky Holbrook was not a credible witness as she testified inconsistently throughout the various proceedings. The appellant is challenging the sufficiency of the evidence presented at the trial. This is not a proper ground for relief in a post-conviction relief petition. Post-conviction relief is only proper when there has been a "denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." R.C. 2953.21(A)(1).
Accordingly, the appellant's third assignment of error is overruled.
 Assignment of Error No. 5
Appellant was denied the effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution and his right against self-incrimination as protected by the Fifth Amendment to the United States Constitution wherein previous defense counsel, who was given access to confidences and secrets of appellant, became the Prosecutor responsible for keeping appellant convicted and incarcerated, negating the basis principles underlying our adversary system of justice; as well as creating a conflict of interest with the Prosecutor's continuing ethical responsibilities to appellant and his responsibilities as Prosecutor for Marion County. [sic]
In his final assignment of error, the appellant claims that he is entitled to post-conviction relief due to the fact that his appellate counsel is now the Prosecutor for Marion County. For the following reasons, we disagree.
The trial court has the inherent authority to supervise members of the bar appearing before it, and this necessarily includes the power to disqualify counsel in specific cases. Royal Indem. Co. vJ.C. Penney Co. (1986), 27 Ohio St.3d 31, 33-34. The trial court has wide discretion in the consideration of motions to disqualify counsel. Id. The determination of the trial court will not be reversed upon appeal in the absence of an abuse of discretion.Centimark Corp. v. Brown Sprinkler Service, Inc. (1993),85 Ohio App.3d 485 . The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. A decision is unreasonable if there is no sound reasoning process that would support the decision.Centimark, 85 Ohio App.3d 485.
In Kala v. Aluminun Smelting Refining Co., Inc. (1998),81 Ohio St.3d 1, 13, the Ohio Supreme Court set forth a three-part analysis to be used when ruling on a motion for disqualification.
 (1) Is there a substantial relationship between the matter at issue and the matter of the former firm's prior representation?
 (2) If there is a substantial relationship between the matters, is the presumption of the shared confidences within the former firm rebutted by evidence that the attorney had no personal contact with or knowledge of the related matter; and
 (3) If the attorney did have personal contact with or knowledge of the related matter, did the new law firm erect adequate and timely screens to rebut a presumption of shared confidences with the new firm so as to avoid imputed disqualification?
After remand from this Court, an evidentiary hearing was held in the trial court in order for evidence to be presented concerning the third prong of the Kala test. We previously held in State v. Britton (June 23, 1999), Marion App. No. 9-98-39, unreported, that the first two steps of the test have been met. First, there is a clear relationship between the prior matter and the one before the court. Second, the testimony of Jim Slagle admitting that he handled the appellant's direct appeal, as well as the letter signed by him support the presumption that Slagle was involved in the case and at one time had knowledge of the details. However, at the conclusion of the evidentiary hearing, the trial court found that while Slagle was primarily responsible for the appellant's direct appeal, his involvement with the appellant's petition for post-conviction relief was minimal. The vast majority of the work done on this petition was done by J.C. Ratliff after Slagle was no longer employed by Ratliff's firm.
As for the third-prong, the trial court held that the Prosecutor's office had erected adequate safeguards to rebut the presumption of shared confidences. Upon the appellant's filing of his petition for post-conviction relief, the matter was immediately turned over to Assistant Prosecutor Babich. Slagle explained that he has previously worked on this case as appellate counsel and felt that it would be improper for him to be involved now. Slagle did not interfere with Babich's handling of the case in any way. He turned over complete control to Babich.
Furthermore, the trial court found that Slagle also did not share any information at all, let alone confidential information, concerning the case to Babich. At the evidentiary hearing, Slagle denied having any confidential information to divulge. He stated that he had very little memory of the case, as his involvement with it had been over eighteen years ago.
The appellant failed to show how his rights have been violated by Assistant Prosecutor Babich handling this case for the State of Ohio. The trial court's ruling is clearly supported by the evidence. It cannot be said that the court abused its discretion in denying the appellant's motion for disqualification.
Accordingly, the appellant's fifth assignment of error is overruled.
SHAW and BRYANT, JJ., concur.
[1] On appeal, this Court reduced the appellant's life sentence to an indeterminate sentence of 7 to 25 years, to be served consecutive with the sentences the appellant received on the other counts.