OPINION
This matter comes before the court on appeal from a September 15, 2000 decision of the Franklin County Court of Common Pleas disqualifying attorney Jack D'Aurora from further representation of the defendants. Defendants, Diamond Industries, Inc., John Ressler, Judy Morgan and Lincoln Trust Company, raise the following two assignments of error:
 I. The trial court erred in affirming the magistrate's decision that, pursuant to DR 5-102, defendants-appellants' counsel should be disqualified.
 II. The trial court erred in affirming the magistrate's decision that, pursuant to DR 5-105, defendants-appellants' counsel should be disqualified.
Plaintiffs, Lewis Patrick and RE-EX of Ohio, Inc., brought this action seeking a declaratory judgment that defendants owe plaintiffs a fiduciary duty as managing partners of defendant RE-EX OH-KY LLC. Plaintiffs also seek the appointment of a special master, an accounting, and an award of compensatory and punitive damages. Plaintiffs are represented in this matter by attorney Rick L. Brunner, and defendants by attorney Jack D'Aurora.
On September 8, 1999, plaintiffs filed a motion asking the court to terminate Mr. D'Aurora's representation of the defendants. The matter was referred to a magistrate, who rendered a report and recommendation on May 18, 2000, advising disqualification. All parties filed objections to that report, which were argued before the trial court on July 18, 2000. The court subsequently overruled the objections in a thorough opinion released on September 15, 2000.
In its decision, the trial court quoted the following language from our opinion in Safelite Glass Corp. v. Kagy (June 1, 2000), Franklin App. No. 99AP-875, unreported:
 [A] trial court has wide discretion in the consideration of a motion to disqualify counsel. Spivey v. Bender (1991), 77 Ohio App.3d 17. *** When reviewing the disqualification of a party's chosen counsel, we apply an abuse of discretion standard. Centimark Corp. v. Brown Sprinkler Serv., Inc. (1993), 85 Ohio App.3d 485 *** syllabus; Mentor Lagoons, Inc. v. Rubin (1987), 31 Ohio St.3d 256 ***. "`Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable. *** A decision is unreasonable if there is no sound reasoning process that would support that decision." AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp. (1990), 50 Ohio St.3d 157, 161
***. Further, disqualification of an attorney "is a drastic measure which should not be imposed unless absolutely necessary." Spivey, supra, at 22. *** Even if the requested disqualification is allegedly based on ethical considerations, the party moving for disqualification still bears the burden of demonstrating the need to disqualify counsel. Centimark, supra, at 488-489. [Decision at 2-3.]
This appeal turns upon whether the trial court had a reasonable basis to conclude that Mr. D'Aurora's representation of the defendants constitutes a conflict of interest. As such, we refer to the trial court's reasoning at length. In reaching its determination, the court explained:
 This entire case centers on the actions of the parties with regard to [RE-EX OH-KY LLC]. Plaintiffs Patrick and [RE-EX of Ohio, Inc.] have brought this action not only in their individual capacities, but also derivatively as part-owners of [RE-EX OH-KY LLC], and R.C. 1705.49 permits them to do so. Though Attorney D'Aurora may not have directly formed an attorney-client relationship with either Plaintiff Patrick or Plaintiff [RE-EX of Ohio, Inc.], he unmistakably formed an attorney-client relationship with [RE-EX OH-KY LLC], which is named as both a Plaintiff and as a Defendant in this derivative action. [Decision at 4.]
The trial court continued its cogent explanation finding:
 *** Attorney D'Aurora represented [RE-EX OH-KY LLC]. It does not matter whether he was "in-house" or "outside" counsel; he was still its attorney. ***
 Under ordinary circumstances, Attorney D'Aurora may well continue to represent [RE-EX OH-KY LLC], even in an action against an officer or employee, or as it winds up its affairs. But this is no ordinary circumstance. This litigation involves an LLC with two members where one member is suing the other for breaching a fiduciary duty. [RE-EX OH-KY LLC] was formed by Plaintiff [RE-EX of Ohio, Inc.] and Defendant Diamond Industries, and as Attorney D'Aurora's duty runs to all its members equally, including both Plaintiff [RE-EX of Ohio, Inc.] (and its controlling shareholder Plaintiff Patrick) and Defendant Diamond Industries (and its controlling shareholder Defendant Ressler).
 Though this litigation is from a procedural standpoint largely being pursued through corporate entities, it essentially remains a dispute between Plaintiff Patrick and Defendant Ressler, who formed [RE-EX OH-KY LLC] through corporate entities that they each control. Plaintiffs Patrick and [RE-EX of Ohio, Inc.] have alleged that Defendant Ressler breached the fiduciary duty he owed them as managing partner of [RE-EX OH-KY LLC]. [RE-EX OH-KY LLC] has been named as both Plaintiff and Defendant in this action. [RE-EX OH-KY LLC] is obligated to treat all its members equally, and Plaintiff [RE-EX of Ohio, Inc.'s] minority shareholder rights include the benefit of the work Attorney D'Aurora performed on behalf of [RE-EX OH-KY LLC].
 *** [I]t is entirely foreseeable that Attorney D'Aurora may well be called upon at trial to testify as to [RE-EX OH-KY LLC's] actions. It is also foreseeable that an issue may arise as to who is the proper party to assert the attorney-client privilege held by [RE-EX OH-KY LLC]: Defendant Ressler (as the managing partner of [RE-EX OH-KY LLC], now no longer operating) or [RE-EX of Ohio, Inc.'s] (as a shareholder claiming breach of fiduciary duty by the managing partner)?
***
 Attorney D'Aurora represented [RE-EX OH-KY LLC], and this lawsuit is about whether the managing partner of [RE-EX OH-KY LLC] breached his duty to minority shareholders. Attorney D'Aurora continues to owe a duty to [RE-EX OH-KY LLC] as a whole, even though it is no longer operating. His representation of Defendants Ressler and Diamond Industries against Plaintiffs Patrick and [RE-EX of Ohio, Inc.] in this litigation creates the appearance of impropriety. Whether Attorney D'Aurora ultimately is a material witness in this litigation does not matter. The factual context of his prior representation of [RE-EX OH-KY LLC] and the factual context of the present case create a relationship substantial enough to justify disqualification. [Decision at 5-6; 8-9.]
In their first assignment of error, defendants contend that: "[t]he trial court did not address the issues related to DR 5-102(A), and so the focus of this brief is on the magistrate's ruling." DR 5-102 provides:
 (A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue to the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5-101(B)(1) through (4).
 (B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client.
While the magistrate relied in part upon the provisions of DR 5-102 in her report and recommendation, as noted by the defendants, the trial court did not. Rather, the trial court based its decision upon the "substantial relationship" test discussed below. Because the trial court's decision is the operative decision in this case, defendants' arguments as to why the trial court incorrectly relied upon DR 5-102 are unpersuasive. Defendants' first assignment of error is, therefore, not well- taken and is overruled.
In their second assignment of error, defendants contend the trial court incorrectly concluded that Mr. D'Aurora's participation in this case presents a conflict of interest. DR 5-105 provides that:
 (A) A lawyer shall decline proffered employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by the acceptance of the proffered employment, except to the extent permitted under DR 5-105(C).
 (B) A lawyer shall not continue multiple employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by his representation of another client, except to the extent permitted under DR 5-105(C).
 (C) In the situations covered by DR 5-105(A) and (B), a lawyer may represent multiple clients if it is obvious that he can adequately represent the interest of each and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of his independent professional judgment on behalf of each.
 (D) If a lawyer is required to decline employment or to withdraw from employment under DR 5-105, no partner or associate of his or his firm may accept or continue such employment.
Trial courts are given great latitude in supervising the practice and conduct of attorneys who appear before them. Columbus Credit Co. v. Evans (1992), 82 Ohio App.3d 798, citing Royal Indemn. Co. v. J.C. Penney Co. (1986), 27 Ohio St.3d 31, and Mentor Lagoons, Inc. v. Rubin (1987),31 Ohio St.3d 256. Indeed, among the considerations the court may take into account are the ethical considerations set forth in the Code of Professional Responsibility. Id., citing State v. Ross (1973),36 Ohio App.2d 185.
In reaching its decision, the trial court concluded that Mr. D'Aurora's representation constituted a conflict of interest pursuant to the "substantial relationship" test discussed at length by the Ohio Supreme Court in Royal Indemn. Co., supra, and this court in Columbus Credit Co., supra. In Columbus Credit Co., we embraced the following language set forth by the Supreme Court in Royal Indemn. Co.:
 Appellants next contend that a trial court may only disqualify an attorney from continued participation in ongoing litigation where that attorney's continued participation might unfairly affect the outcome of the litigation. This contention too narrowly restricts the inherent power of the court to protect the integrity of its proceedings. The most common basis for trial court disqualification of an attorney is the risk of a tainted trial due to an actual or potential conflict of interest. Glueck v. Jonathan Logan, Inc. (C.A.2, 1981), 653 F.2d 746, at 748. However, this is not the only ground for disqualification. The trial court's power to protect its pending proceedings includes the authority to dismiss an attorney who cannot, or will not, take part in them with a reasonable degree of propriety. Laughlin v. Eicher (D.D.C. 1944), 145 F.2d 700. *** [Id. at 34.]
Based upon the preceding, we concluded that "the proper standard to be applied under the substantial-relationship test is whether `the factual contexts of the two representations are similar or related.'" Columbus Credit Co., at 808. Following our lead, the trial court summarized its reason for disqualifying Mr. D'Aurora as follows:
 In this case, the factual contexts of Attorney D'Aurora's former representation of [RE-EX OH-KY LLC] (which was partially owned by present Plaintiff Patrick through Plaintiff [RE-EX of Ohio, Inc.]) and his current representation of Defendants Ressler and [RE-EX OH-KY LLC] are not only similar or related, they are inextricably intertwined. Further, though Defendants Ressler and [RE-EX OH-KY LLC] may well desire that Attorney D'Aurora continue to represent them, they have not identified a substantial hardship that they might suffer if Attorney D'Aurora were not permitted to continue to represent them. Therefore, under the broad substantial-relationship standard articulated by the Supreme Court and adopted by the Tenth District Court of Appeals, Attorney D'Aurora may not continue to represent Defendants Ressler and [RE-EX OH-KY LLC] in these proceedings. [Decision at 8.]
When reviewing the trial court's determination against the appropriate standard, we are unable to find the trial court's ruling to be without sound reasoning. Centimark Corp. v. Brown Sprinkler Serv., Inc. (1993),85 Ohio App.3d 485, and AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp. (1990), 50 Ohio St.3d 15. Rather, the trial court acted within the bounds of its discretion in reaching its findings of fact and in its legal analysis. Accordingly, defendants' second assignment of error is not well-taken and is overruled.
For the foregoing reasons, both assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
TYACK and DESHLER, JJ., concur.