[Cite as *Hicks v. Clermont Cty. Sheriff's Office*, 2024-Ohio-2186.]

# IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| CHRISTOPHER R. HICKS <br><br> Requester <br><br> v. <br><br> CLERMONT COUNTY SHERIFF'S OFFICE <br><br> Respondent | Case No. 2024-00345PQ <br><br> Special Master Todd Marti <br><br> <u>ORDER DENYING DISQUALIFICATION</u> |

{¶1} The matter before the special master is Requester's May 20, 2024, *Motion for Recusal of the Clermont County Prosecutor's Office from this Matter* ("Motion").  That Motion is denied.

## I.      Background.

{¶2} This case arises from Requester Chistopher Hicks' allegation that someone threatened to harm him and his son. The Respondent Clermont County Sheriff's Office ("Sheriff") investigated those allegations. *Complaint*, filed April 12, 2024, pp. 2-5.[1]

{¶3} Hicks made a public records request for records related to the Sheriff's investigation. The Sheriff produced redacted records and withheld other records based on the confidential law enforcement investigatory records provisions of R.C. 149.43(A)(1)(h) and (A)(2) and R.C.2930.07. *Id*. at pp. 6-69.

{¶4} Hicks brought this case to challenge the Sheriff's response. The Clermont County Prosecutor's Office ("Prosecutor") has entered an appearance as counsel for the Sheriff. *Notices of Appearance*, filed April 23, 2024.

---

[1] All references to specific pages of the Complaint are to the pages of the PDF copy posted on the court's online docket.

{¶5} Hicks' Motion seeks to disqualify the Prosecutor as counsel for the Sheriff. It is based on the assertion that the Prosecutor has recused himself from criminal proceedings that Hicks claims are related to the threat against Hicks and his son.

## II.    Analysis.

{¶6} A "motion to disqualify counsel affects a 'substantial right," *Guccione v. Hustler Magazine*, 17 Ohio St.3d 88, 89 (1985), and court considering such a motion "should be mindful that disqualification is a drastic measure." *Centimark Corp. v. Brown Sprinkler Serv.*, 85 Ohio App.3d 485, 488, (11th Dist.1993). Disqualification is therefore only granted when denial of that relief would prejudice the moving party. *State ex rel. Kura v. Sheward*, 75 Ohio App.3d 244, 249 (10th Dist.1992); *Desmond v. State*, 2020-Ohio-181, (7th Dist.), ¶ 42. The party seeking disqualification has the burden of proving prejudice; prejudice will not be presumed. *Centimark*, 85 Ohio App.3d at 489; *Desmond*, 2020-Ohio-181, ¶ 42.

{¶7} Hicks has not carried that burden. The only prejudice he properly alleges[2] is to his ability to participate in what he characterizes as criminal proceedings related to the threats against him and his son, but that falls short on two levels. Legally, the prejudice must be to the movant in the case where disqualification is sought. *Kura*, 75 Ohio App.3d at 249 (requiring a demonstration of prejudice "to one of the parties to the *pending* case") (emphasis added); *Centimark*, 85 Ohio App.3d at 489 (requiring evidence "substantially related to the present action"). Hicks' concerns about impacts on the criminal case are therefore insufficient. Factually, Hicks has produced no evidence that the Prosecutor's role in this case would impact Hicks' rights in the criminal proceeding; all he offers is conclusory surmise.

---

[2] Hicks' reply in support of the Motion also makes the assertion that the Prosecutor's representation of the Sheriff in this case would give the Sheriff additional defenses on the merits, but that fails on two levels. Procedurally, it is not properly before the court because it was raised for the first time in Hicks' reply. *Cardinal Fed. S. & L. Ass'n v. Cuyahoga Cty. Bd. of Revision*, 44 Ohio St.2d 13, 18 (1975). Substantively, it is hard to understand how the identity of counsel would impact the disputed records' availability under R.C. 149.43, the ultimate benchmark in this case.

### III.    Conclusion.

Hicks' Motion is therefore denied.

_____
TODD MARTI
Special Master

**Filed May 29, 2024**
**Sent to S.C. Reporter 6/6/24**