**LUCE et al., Appellees,**

**v.**

**ALCOX et al., Appellants.**

[Cite as *Luce v. Alcox*, 165 Ohio App.3d 742, 2006-Ohio-1209.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 05AP–877.

Decided March 16, 2006.

744

David S. Kessler, Jr., and Geoffrey P. Scott, for appellees.

Onda, LaBuhn & Rankin Co., L.P.A., Timothy Rankin, and Benjamin Ogg, for appellants.

TRAVIS, Judge.

{¶ 1} Appellants, Daniel J. Alcox and Judith K. Alcox, appeal from the August 11, 2005 decision and entry of the Franklin County Court of Common Pleas in which the law firm of Onda, LaBuhn & Rankin Co., L.P.A. was disqualified as counsel for appellants. Appellants assert that the trial court erred in disqualifying counsel. We agree.

{¶ 2} N–GEN–TECH, Inc. ("NGT") was incorporated by Daniel Alcox on January 26, 2000. For the next two years, Daniel Alcox was the sole shareholder of all 100 shares of stock issued by NGT. On April 19, 2002, NGT issued an additional 90 shares of stock to appellee David Luce, for a total of 190 shares outstanding. After the additional shares were issued, Daniel Alcox remained the majority owner with 53 percent of the shares, while Luce controlled 47 percent. Judith Alcox, Daniel Alcox's mother, served as treasurer for NGT but owned no shares of stock.

{¶ 3} By September 1, 2003, NGT had terminated its active business operations, and both David Luce and Daniel Alcox began working full time for Bank One. Thereafter, Luce desired to redeem his shares in NGT, and the parties attempted to agree on a redemption value. However, a dispute arose over the redemption offer and, on February 18, 2004, Luce filed an action on his own behalf and on behalf of NGT in the common pleas court. The complaint sought an accounting as well as regular and punitive damages against appellants for failure to maintain certain records, breach of fiduciary duty, conversion, replevin, receipt of an unlawful distribution of assets, and delivery of false financial statements.

{¶ 4} Attorney Robert J. Onda of the law firm of Onda, LaBuhn & Rankin has represented NGT since its formation. Shortly after the complaint was filed in this matter, attorneys Benjamin Ogg, Timothy Rankin, and Robert E. Williams, all of the Onda firm, became counsel of record for appellants. On May 11, 2004, Luce filed a motion to disqualify Onda, LaBuhn & Rankin as counsel for appellants, arguing first that the Onda firm had a conflict of interest by way of Onda's role as corporate counsel to NGT and second, that Onda may be called as a witness in the litigation.

{¶ 5} The trial court entered an order setting the matter for hearing on September 27, 2004. On that date, counsel for the parties met with the trial judge in chambers. The matter was heard off the record, and no testimony or evidence appears to have been taken. At that meeting, the trial judge indicated orally that she would disqualify the Onda firm as counsel for appellants. Thereafter, on November 10, 2004, the trial court issued a decision and entry, which stated, in its entirety:

> On May 11, 2003 Plaintiffs David Luce on behalf of N–GEN–TECH, Inc. moved to disqualify Onda, LaBuhn & Rankin Co., LPA ("OLR") from representation of Defendants Daniel J. Alcox and Judith K. Alcox in these proceedings. On September 27, 2004, counsel for the parties met with the Court in chambers to discuss the status of the pending Motion to Disqualify. In that status conference, the Court determined that OLR should be disqualified as of November 1, 2004 following the reasoning set forth in this Court's prior decision in *Patrick v. Ressler* [2001 WL 1142357] (10th Dist.2001). Accordingly:
>
> **IT IS HEREBY ORDERED** that Onda, LaBuhn & Rankin Co., LPA is disqualified from further representation of Defendants in these proceedings.

{¶ 6} Appellants appealed the November 10, 2004 entry, asserting that the trial court erred in failing to hold a hearing before making a ruling on disqualification and abused its discretion in disqualifying counsel. Upon review, we held that a hearing was unnecessary. However, we found that "because there is no analysis, we are unable to conduct a meaningful review of the trial court's decision, as we are unable to determine the factual and/or legal conclusions reached by the trial court, as well as what the trial court relied upon in reaching its decision." *Luce v. Alcox,* Franklin App. No. 04AP–1250, 2005-Ohio-3373, 2005 WL 1532396, at ¶ 8. We remanded the matter with instructions for the trial court to fully set forth the analysis, reasoning, and factual basis for its decision to disqualify counsel.

{¶ 7} On August 11, 2005, the trial court issued an entry supplementing its November 10, 2004 entry with reasons for disqualifying counsel. Appellants appeal the August 11, 2005 entry and assert one assignment of error:

The trial court erred by granting plaintiff-appellee's motion to disqualify defendants-appellants' counsel.

{¶ 8} A trial court has wide discretion in the consideration of a motion to disqualify counsel. *Spivey v. Bender* (1991), 77 Ohio App.3d 17, 601 N.E.2d 56. Despite that wide discretion, attorney disqualification is "a drastic measure that the trial court should undertake only when absolutely necessary." *Perin v. Spurney*, Franklin App. No. 05AP–428, 2005-Ohio-6811, 2005 WL 3498621, at ¶ 15. The party moving for disqualification bears the burden of proving the need to disqualify counsel. *Centimark Corp. v. Brown Sprinkler Serv., Inc.* (1993), 85 Ohio App.3d 485, 488–489, 620 N.E.2d 134.

{¶ 9} In our prior decision in this case, we set forth the following rule of law:

> In ruling on a motion for disqualification, a trial court must consider the facts in light of the following three-part test and determine whether "(1) a past attorney-client relationship existed between the party seeking disqualification and the attorney it seeks to disqualify; (2) the subject matter of those relationships was/is substantially related; and (3) the attorney acquired confidential information from the party seeking disqualification." *Phillips v. Haidet* (1997), 119 Ohio App.3d 322, 325, 695 N.E.2d 292[,] * * * quoting *Dana Corp. v. Blue Cross & Blue Shield Mut. of N. Ohio* (C.A.6, 1990), 900 F.2d 882, 889.

*Luce* at ¶ 7. This test is often referred to as the *Dana* test. We further held that, even though an attorney has served as corporate counsel, Ohio law does not require the immediate disqualification of the attorney from serving as personal counsel for a shareholder or officer in a suit involving the corporation. Id. A trial court is still required to find all three factors enumerated in the *Dana* test before ordering disqualification. See, also, *Legal Aid Soc. of Cleveland v. W & D Partners I, L.L.C.*, 162 Ohio App.3d 682, 2005-Ohio-4130, 834 N.E.2d 850.

{¶ 10} When a trial court orders disqualification of a party's chosen counsel, we review that decision using an abuse-of-discretion standard. *Campbell v. Indep. Outlook, Inc.*, Franklin App. No. 04AP–310, 2004-Ohio-6716, 2004 WL 2892884, ¶ 8; *Mentor Lagoons, Inc. v. Rubin* (1987), 31 Ohio St.3d 256, 31 OBR 459, 510 N.E.2d 379. An abuse of discretion is more than a mere error of law or judgment; it requires a finding that the court's action is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 11} In this instance, the trial court has twice ruled in favor of disqualification. On appeal of the first ruling, we remanded the matter for supplementation of the decision, finding that it lacked sufficient analysis, reasoning, and factual basis. This time, the decision is more detailed; however, as described below, the

supplemented entry still lacks sufficient analysis, reasoning, and factual basis to support disqualification of counsel.

■ {¶ 12} Referring to the first prong of the *Dana* test, the trial court stated: [A]s a shareholder bringing an action on behalf of the corporation, Plaintiff has satisfied the first prong of the *Dana* test.

This is the only sentence dedicated to the first prong. Although this explanation is brief, we cannot find that the conclusion is unreasonable or unsound.

■ {¶ 13} Generally, a party on the outside of an attorney-client relationship "lacks standing to complain of a conflict of interest in that relationship." *Morgan v. N. Coast Cable Co.* (1992), 63 Ohio St.3d 156, 159, 586 N.E.2d 88. In that vein, appellants argue that since the firm of Onda, LaBuhn & Rankin never represented Luce individually, Luce is a stranger to the attorney-client relationship and therefore cannot complain of any conflict of interest. However, Luce commenced this lawsuit in his individual capacity, as well as derivatively on behalf of NGT. Regardless of whether Luce has a prior attorney-client relationship with the Onda firm, all parties agree that the Onda firm was counsel for NGT from its inception. Consequently, Luce, on behalf of NGT, has demonstrated a prior attorney-client relationship. Therefore, this portion of the trial court's decision is affirmed.

■ {¶ 14} As to the second prong of the *Dana* test, the trial court stated: Plaintiff has alleged that Defendants have breached their fiduciary duties as corporate officers. Accordingly, the court finds that, as counsel for the corporation, OLR's prior representation of the corporation through Attorney Onda is substantially related to OLR's current representation of the Defendants.

The trial court then concluded that the instant case is "similar" to *Patrick v. Ressler* (Sept. 28, 2001), Franklin App. No. 00AP–1194, 2001 WL 1142357, and gave a brief synopsis of that case but did not directly compare the facts of the two cases.

■ {¶ 15} We hold that this terse treatment of the second prong fails to provide sufficient information upon which to base our review. When evaluating whether a substantial relationship exists between the prior representation and the current representation, "the proper standard to be applied under the substantial-relationship test is whether 'the factual contexts of the two representations are similar or related.' " *Patrick* at ¶ 4, quoting *Columbus Credit Co. v. Evans* (1992), 82 Ohio App.3d 798, 808, 613 N.E.2d 671. Here, the trial court began by stating the standard; it then stated that appellee had alleged a breach of fiduciary duty, and it then concluded, without analysis, that a substantial relationship existed. The trial court failed to enumerate any facts that demonstrate that

the two representations are factually similar. That failure is a fatal flaw under *Dana*.

{¶ 16} It appears from the entry that the trial court may not have considered the relationship between the representations beyond the fact that both involved NGT in some manner. As we have previously stated, the structure of the parties' relationships alone does not require disqualification of counsel. The trial court must consider specifically what matters Onda has advised NGT on in the past and what matters Onda's law-firm colleagues are currently advising appellants on at this time. The trial court failed to set forth any factual basis for concluding that there was a conflict. The trial court failed to follow the *Dana* test and our instructions on remand. Accordingly, we hold that the trial court erred in finding that a substantial relationship exists warranting the disqualification of appellant's counsel.

{¶ 17} The trial court considered the third prong of the *Dana* test and concluded as follows:

> Plaintiff has brought this action on behalf of the corporation. As the corporation's counsel, it is presumed that Attorney Onda received confidential information. See *Brant v. Vitreo–Retinal Consultants Inc.* (April 3, 2000), Stark App. No. 1999CA00283 [2000 WL 502738]. Although, Defendants argue that Attorney Onda did not physically prepare the financial statements that Plaintiff alleges are fraudulent, as counsel for the corporation, Attorney Onda is likely to have knowledge regarding the preparation of the financial statements. Accordingly, Plaintiff has satisfied the third prong of the *Dana* test.

{¶ 18} When evaluating the third prong of *Dana*, presumptions arise under certain situations. When an attorney seeks to bring an action against a former client on a matter substantially related to his prior representation of that client, the attorney is irrebuttably presumed to have benefited from confidential information relevant to the subsequent representation. *Campbell*, 2004-Ohio-6716, ¶ 15. In such limited situations, actual exposure to confidences need not be demonstrated. Id. However, when the attorney in the subsequent representation is not the original attorney but, instead, another attorney in the same law firm, disqualification is vicarious, or imputed rather than primary. In that situation, the presumption of received confidences becomes rebuttable. Id. See, also, *Brant v. Vitreo–Retinal Consultants, Inc.* (Apr. 3, 2000), Stark App. No. 1999CA00283, 2000 WL 502738, discretionary appeal denied, 90 Ohio St.3d 1402, 734 N.E.2d 834.

{¶ 19} While the trial court is correct that Onda is presumed to have received confidential information from his client NGT, Onda is not directly representing appellants in this matter. Instead, other members of Onda's firm are represent-

ing appellants. Therefore, the presumption that appellants' attorneys have acquired confidential information is rebuttable, rather than irrebuttable. The trial court failed to complete the necessary analysis. Accordingly, the trial court's decision regarding the third prong of the *Dana* test is erroneous as well.

{¶ 20} Because the trial court failed to provide sufficient analysis on both the second and third prongs of the *Dana* test, we must reverse the decision to disqualify counsel and remand the matter for further consideration consistent with this opinion.

Judgment reversed
and cause remanded.

SADLER and MCGRATH, JJ., concur.