[Cite as *Royer v. Dillow*, 2014-Ohio-53.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DIANE ROYER, Individually and as Administrator and Representative of the Estate and Next of Kin of DANIEL LEFEBVRE, Deceased | JUDGES:<br>Hon. William B. Hoffman, P. J.<br>Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| Plaintiff-Appellant | |
| -vs- | Case No. 13 CA 71 |
| RAY DILLOW, et al. | |
| Defendants-Appellees | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
                             Pleas, Case No.  12 CV 1425

JUDGMENT:                    Reversed and Remanded

DATE OF JUDGMENT ENTRY:      January 9, 2014

APPEARANCES:

For Plaintiff-Appellant          For Defendant-Appellee ArcelorMittal

GORDON M. EYSTER                 ROBERT J. HANNEN
MCKOWN & MCKOWN                  DANIEL TOMASSETTI
10 Mansfield Avenue              1001 Corporate Drive, Suite 200
Shelby, Ohio  44875              Canonsburg PA  15317

                                 For Defendants-Appellees Dillow, Crouse
                                 Trucking and Mark Crouse

                                 AUDREY E. VARWIG
                                 JOSEPH J. GOLIAN
                                 DICKIE, MCCAMEY & CHILCOTE
                                 2109 Stella Court
                                 Columbus, Ohio  43215

*Wise, J.*

{¶1}  Plaintiff-Appellant Diane Royer, individually and as administrator and representative of the estate and next of kin of Daniel Lefebvre, appeals from the decision of the Court of Common Pleas, Richland County, which disqualified her trial counsel, on the basis of conflict of interest, during the pendency of a wrongful-death lawsuit against Defendants-Appellees Ray Dillow, et al. The relevant procedural facts leading to this appeal are as follows.

{¶2}  On November 27, 2012, appellant, individually and as administrator of the estate and next of kin of Daniel Lefebvre, filed a lawsuit in the Richland County Court of Common Pleas, alleging that on November 29, 2010, Appellee Ray Dillow had struck Daniel with a tractor-trailer in the parking lot of ArcelorMittal Tubular Products Shelby, Inc. in Shelby, Ohio, causing Daniel's death. Appellant was represented in the suit by Attorney Gordon Eyster, who maintains a civil law practice in addition to serving as the part-time law director for the city of Shelby, Ohio, a position he has held since January 1, 2012. At the time Attorney Eyster took office, a criminal case against Dillow was purportedly pending in the municipal court. It appears that Dillow entered a plea of either guilty or no contest to vehicular homicide and/or vehicular manslaughter in that case.

{¶3}  On May 20, 2013, in the aforesaid civil case, ArcelorMittal filed a written motion requesting the disqualification of Attorney Eyster as counsel for appellant, alleging a conflict of interest under Prof.Cond.R. 1.11(c) and 1.11(d)(2)(ii), as well as R.C. 102.03(A)(1).

**{¶4}** On July 25, 2013, the trial court issued a judgment entry ordering that Attorney Eyster was precluded from representing appellant in the pending lawsuit. The trial court found, inter alia, that "Gordon Eyster acted as law director of [the city of] Shelby [Ohio] in the prosecution of Ray Dillow for causing the death of Daniel Lefebvre." Order on Defendant ArcelorMittal's Motion to Disqualify Plaintiff's Counsel, at 2. The trial court therein relied on R.C. 102.03(A)(1), as further discussed *infra*, although the court also found Attorney Eyster "is probably also precluded from that representation in these circumstances by the Ohio Code of Professional Conduct Rule 1.11(d)(2)(ii)." Id. at 3.

**{¶5}** On August 20, 2013, appellant filed a notice of appeal. She herein raises the following sole Assignment of Error:

**{¶6}** "I.   THE TRIAL COURT ERRED IN DISQUALIFYING ATTORNEY EYSTER WHEN BASING THE RULING ON AN INCORRECT ASSUMPTION – THAT ATTORNEY EYSTER HAD PREVIOUSLY REPRESENTED THE VICTIMS IN THE CRIMINAL CASE AND THAT HE WAS INVOLVED IN CRIMINAL AND CIVIL MATTERS SIMULTANEOUSLY."

I.

**{¶7}** In her sole Assignment of Error, appellant argues the trial court erred in disqualifying her trial counsel, Attorney Gordon Eyster. We agree, to the extent that the trial court should have conducted a hearing under these circumstances before deciding the issue of disqualification.

**{¶8}** A trial court's disqualification of counsel is an order that affects a substantial right and is final and appealable under R.C. 2505.02. *Ross v. Ross* (1994),

94 Ohio App.3d 123, 129, 640 N.E.2d 265; *LLE Corp. v. Mitsubishi Corp.* (May 24, 1995), Tuscarawas App. No. 94AP110078. A determination to disqualify or not disqualify counsel is within the sound discretion of the trial court. *See Sarbey v. National City Bank, Akron* (1990), 66 Ohio App.3d 18, 583 N.E.2d 392. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. However, disqualification "is a drastic measure which should not be imposed unless absolutely necessary." *Waliszewski v. Caravona Builders, Inc.* (1998), 127 Ohio App.3d 429, 433 (additional citations and internal quotations omitted).

{¶9} The trial court in the case sub judice, in its decision to disqualify Attorney Eyster, relied chiefly on R.C. 102.03(A)(1), which states:

{¶10} "No present or former public official or employee shall, during public employment or service or for twelve months thereafter, represent a client or act in a representative capacity for any person on any matter in which the public official or employee personally participated as a public official or employee through decision, approval, disapproval, recommendation, the rendering of advice, investigation, or other substantial exercise of administrative discretion."

{¶11} Furthermore, pursuant to 102.03(A)(5), the term "matter," for purposes of division (A)(1) of this section of the statute, "includes any case, proceeding, application, determination, issue, or question, but does not include the proposal, consideration, or enactment of statutes, rules, ordinances, resolutions, or charter or constitutional amendments."

**{¶12}** The trial court further indicated in its order of July 25, 2013 that Attorney Eyster was "probably also precluded" from representing appellant under these circumstances by Prof.Cond.R. 1.11(d)(2)(ii), which states: "Except as law may otherwise expressly permit, a lawyer currently serving as a public officer or employee *** shall not *** negotiate for private employment with any person who is involved as a party or as lawyer for a party in a matter in which the lawyer is participating personally and substantially ***."

**{¶13}** Appellant herein has argued, both in her response to the disqualification motion in the trial court and in her present brief, that at minimum an evidentiary hearing is warranted in this matter. The Ohio Supreme Court has held that a court must hold an evidentiary hearing on a motion for disqualification in the specific situation where an attorney has left a law firm that represents one party to an action and has joined a firm that represents an opposing party. *See Kala v. Aluminum Smelting & Refining Co., Inc.* (1998), 81 Ohio St.3d 1, 688 N.E.2d 258, syllabus. However, the Ohio Supreme Court has "never held that a court must hold an evidentiary hearing before ruling on every motion for disqualification." *Dayton Bar Assoc. v. Parisi*, 131 Ohio St.3d 345, 965 N.E.2d 268, 2012-Ohio-879, ¶ 15. We have likewise held that an evidentiary hearing, where the parties may examine and cross-examine witnesses, is not necessary on all motions for disqualification. *See Shawnee Assocs., L.P. v. Shawnee Hills,* 5th Dist. Delaware No. 07CAE050022, 2008–Ohio–461, ¶ 34.

**{¶14}** Nonetheless, a review of the present record on appeal reveals that both appellees' motion to disqualify and appellant's response, although quite competently presented, have no documentation or affidavits attached, except for an unauthenticated

copy of a partial police report. It is unfeasible for this Court to determine, from the limited record, Attorney Eyster's level of involvement in the criminal case in his capacity as law director, to ascertain the timing of Attorney Eyster's attorney-client relationship with appellant, or other pertinent facts pertaining to a conflict of interest. Under these circumstances, this Court should not take on the task of issuing an appellate decision on an important issue involving attorney ethics and professional conduct without a sound factual record as a foundation.

{¶15} We therefore sustain, in part, appellant's sole Assignment of Error, and order this matter remanded to the trial court for an evidentiary hearing on the motion to disqualify Attorney Gordon Eyster as appellant's trial counsel.

{¶16} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby reversed and remanded with directions to conduct an evidentiary hearing on the motion to disqualify.

By: Wise, J.

Farmer, J., concurs.

Hoffman, P. J., dissents.

*Hoffman, P.J., dissenting*

**{¶17}** I respectfully dissent from the majority opinion.

**{¶18}** I find additional documentation or affidavits and an evidentiary hearing are not necessary based upon the undisputed facts concerning Appellant's dual representation.  The trial court properly interpreted and applied R.C. 102.03(A)(1).  I find no abuse of discretion in the trial court's disqualification order and would affirm its judgment.