[Cite as *Brick v. McCoun*, 2020-Ohio-4371.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DANIEL BRICK | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 2020 AP 03 0007 |
| | : | |
| HEATHER MCCOUN | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Tuscarawas County
                              Court of Common Pleas, Juvenile
                              Division, Case No. 2020 CC 00002

JUDGMENT:                     AFFIRMED

DATE OF JUDGMENT ENTRY:       September 9, 2020

APPEARANCES:

For Plaintiff-Appellant:                For Defendant-Appellee:

DANN GUINN                              DAVID HIPP
P.O. Box 804                            300 East High Ave.
New Philadelphia, OH 44663              P.O. Box 90
                                        New Philadelphia, OH 44663

*Delaney, J.*

{¶1} Plaintiff-Appellant Daniel Brick appeals the March 2, 2020 judgment entry of the Tuscarawas County Court of Common Pleas, Juvenile Division.

**FACTS AND PROCEDURAL HISTORY**

{¶2} Plaintiff-Appellant Daniel Brick ("Father") and Defendant-Appellee Heather McCoun ("Mother") are the parents on G.B., born on November 17, 2019. On January 6, 2020, Attorney Dan Guinn filed on behalf of Father a Motion for Allocation of Parental Rights and Responsibilities in regards to the custody of G.B. Mother filed an answer to the complaint with a Motion for Disqualification of Attorney Guinn.

{¶3} In her motion for disqualification, Mother claimed Attorney Guinn had a conflict of interest. Mother stated in her attached affidavit that on October 30, 2019, she consulted with Attorney Guinn concerning the impending birth of G.B. There was no fee for the initial consultation with Attorney Guinn. Mother stated she discussed with Attorney Guinn "specific details concerning my relationship with [Father], his behavior, his ability to care for his own children, and my concerns as to what [Father] would do after the birth of our child." Mother further stated she expected the information she provided to Attorney Guinn would be confidential.

{¶4} On February 5, 2020, Mother filed a supplement to her motion to disqualify that included Maternal Grandmother's affidavit. Maternal Grandmother also attended Mother's initial consultation with Attorney Guinn. Mother requested an evidentiary hearing.

{¶5} Father responded to the motion to disqualify on February 11, 2020. In the response, Attorney Guinn stated that Mother did not provide any confidential information

during the initial consultation. He claimed the initial consultation was approximately ten minutes in length and they did not discuss any confidential details. Mother's meeting was so perfunctory that when he met with Father, Attorney Guinn did not recall meeting with Mother. Attorney Guinn challenged Maternal Grandmother's affidavit as being contradictory to Mother's affidavit on specific details of the consultation. For example, Mother did not state in her affidavit how she learned of Attorney Guinn but said she knew he offered a free initial consultation and provided a copy of his Facebook page. Conversely, Maternal Grandmother claimed she was referred to Attorney Guinn by a friend. Attorney Guinn did not attach an affidavit to the response, but contended an evidentiary hearing was not necessary.

{¶6} On February 14, 2020, the magistrate conducted a non-oral hearing of the motion to disqualify Attorney Guinn. The magistrate granted the motion to disqualify.

{¶7} Father filed objections to the Magistrate's Decision. On March 2, 2020, the trial court overruled the objections and adopted the Magistrate's Decision.

{¶8} It is from this judgment that Father now appeals.

**ASSIGNMENTS OF ERROR**

{¶9} Father raises one Assignment of Error:

{¶10} "THE COURT ERRED IN DISQUALIFYING COUNSEL BASED ON A CONFLICT OF INTEREST AS COUNSEL DID NOT OBTAIN ANY CONFIDENTIAL INFORMATION FROM THE OPPOSING PARTY."

## ANALYSIS

{¶11} Father argues in his sole Assignment of Error that the trial court abused its discretion when it granted Mother's motion to disqualify Attorney Guinn because Mother did not give Attorney Guinn confidential information. We disagree.

## Disqualification

{¶12} A trial court's disqualification of counsel is an order that affects a substantial right and is final and appealable under R.C. 2505.02. *Royer v. Dillow*, 5th Dist. Richland No. 13 CA 71, 2014-Ohio-53, 2014 WL 98601, ¶ 8 citing *Ross v. Ross*, 94 Ohio App.3d 123, 129, 640 N.E.2d 265 (8th Dist.1994). A determination to disqualify or not disqualify counsel is within the sound discretion of the trial court. *Id.* citing *Sarbey v. National City Bank, Akron*, 66 Ohio App.3d 18, 583 N.E.2d 392 (9th Dist.1990). To find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). Disqualification "is a drastic measure which should not be imposed unless absolutely necessary." *Waliszewski v. Caravona Builders, Inc.*, 127 Ohio App.3d 429, 433, 713 N.E.2d 65 (9th Dist.1998) (additional citations and internal quotations omitted).

## The *Dana* Test

{¶13} When ruling on a motion for disqualification, a trial court must consider the following three-part test, and determine whether:

(1) A past attorney-client relationship existed between the party seeking disqualification and the attorney it seeks to disqualify;

(2) the subject matter of those relationships was/is substantially related; and

(3) the attorney acquired confidential information from the party seeking disqualification.

*In re McCauley*, 5th Dist. Stark No. 2011CA00272, 2012-Ohio-4709, 2012 WL 4831639, ¶¶ 44-45 quoting *Phillips v. Haidet*, 119 Ohio App.3d 322, 325, 695 N.E.2d 292 (3rd Dist.1997) quoting *Dana Corp. v. Blue Cross & Blue Shield Mut. of N. Ohio*, 900 F.2d 882, 889 (C.A.6 1990). The three-pronged test is known as the "*Dana* test."

{¶14} In his appeal, Father does not dispute the first and second prongs of the three-part *Dana* test that (1) an attorney-client relationship existed between Mother and Attorney Guinn and (2) the subject matter of the attorney-client relationships of Mother and Father were substantially related to the custodial rights to G.B. Father's sole Assignment of Error contends the trial court erred as to the third prong of the *Dana* test whether Attorney Guinn obtained confidential information from Mother.

**Confidential Information**

{¶15} The third prong of the *Dana* test requires the disqualification of an attorney who acquired confidential information during a prior representation of the moving party. Father argues that during his consultation with Mother, Attorney Guinn did not acquire any confidential information from Mother. Father refers to Mother's affidavit where she states that she discussed with Attorney Guinn specific details concerning her relationship with Father, Father's behavior, Father's ability to care for his children, and her concerns as to what Father would do after the birth of G.B. Father contends that information was not confidential because it concerned only Father, not Mother.

{¶16} "The general rule in disqualification cases has been that, upon proof of a former attorney-client relationship concerning substantially related matters, disclosure of confidences is presumed." *Wynveen v. Corsaro*, 8th Dist. Cuyahoga No. 105538, 2017-Ohio-9170, 106 N.E.3d 130, 2017 WL 6540640, ¶ 36 quoting *Cleveland v. Cleveland Elec. Illum. Co.*, 440 F.Supp. 193, 209 (N.D.Ohio 1976), citing *T.C. Theatre Corp. v. Warner Bros. Pictures, Inc.*, 113 F.Supp. 265 (S.D.N.Y.1953); *see also In re E.M.J.*, 9th Dist. Medina No. 15CA0098-M, 2017-Ohio-1090, 2017 WL 1148610, ¶ 17 ("Courts are to assume that during the course of the former representation, confidences were disclosed to the attorney bearing on the subject matter of the representation."). "As a matter of law, the disclosure of confidences to one's attorney can be presumed and need not be proven by the moving party." *Id.* quoting *Harsh v. Kwait*, 8th Dist. Cuyahoga No. 76683, 2000 WL 1474501, *2 (Oct. 5, 2000), citing *Brant v. Vitreo–Retinal Consultants, Inc.*, 5th Dist. Stark No. 1999CA00283, 2000 WL 502738 (Apr. 3, 2000).

{¶17} "[W]here an attorney himself represented a client in matters substantially related to those embraced by a subsequent case he wishes to bring against the former client, he is irrebuttably presumed to have benefitted from confidential information relevant to the current case. In such limited situations there is no necessity to demonstrate actual exposure to specific confidences which would benefit the present client." *Wynveen v. Corsaro*, 8th Dist. Cuyahoga No. 105538, 2017-Ohio-9170, 106 N.E.3d 130, 2017 WL 6540640, ¶ 36 quoting *Cleveland Elec.* at 210, quoting *Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp.*, 518 F.2d 751 (2d Cir.1975). It is only when the attorney in the subsequent litigation is not the original attorney, but, instead another attorney in the same law firm, the presumption of received confidences becomes rebuttable. *Id.* quoting

*Stanley v. Bobeck*, 8th Dist. Cuyahoga No. 92630, 2009-Ohio-5696, 2009 WL 3490668, ¶ 21, citing *Luce v. Alcox,* 165 Ohio App.3d 742, 2006-Ohio-1209, 848 N.E.2d 552 (10th Dist.).

{¶18} Father does not dispute the first or second prongs of the *Dana* test that Attorney Guinn represented Mother and his prior representation is substantially related to Father's request for custody of G.B. Pursuant to the *Dana* test, the third prong provides an irrebuttable presumption that Mother disclosed confidences to Attorney Guinn. While Father contends the items discussed in Mother's affidavit were not confidential, Mother need not prove the confidences shared with Attorney Guin.

{¶19} Given the arguments presented to the trial court and the record the court had before it, we cannot conclude that the trial court's decision to disqualify Attorney Guinn was unreasonable, arbitrary, or unconscionable. The trial court did not abuse its discretion in finding that Attorney Guinn previously represented Mother in a matter substantially related to the current adverse representation. Father's sole Assignment of Error is overruled.

**CONCLUSION**

{¶20} The judgment of the Tuscarawas County Court of Common Pleas, Juvenile Division, is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Wise, Earle, J., concur.