MORGAN, APPELLEE, *v.* NORTH COAST CABLE COMPANY ET AL., APPELLANTS.

[Cite as *Morgan v. North Coast Cable Co.* (1992), 63 Ohio St.3d 156.]

(No. 91–58—Submitted January 15, 1992—Decided March 11, 1992.)

*Schulman & Schulman* and *Jack M. Schulman,* for appellee.

*Gold, Rotatori, Schwartz & Gibbons Co., L.P.A., William P. Gibbons* and *Richard L. Stoper, Jr.,* for appellants.

DOUGLAS, J. The issue before us is whether the court of appeals properly concluded that the trial court erred in disqualifying Schulman as counsel for Morgan. Based on the facts of this case, and for the following reasons, we affirm the judgment of the court of appeals in all material respects.

Typically, courts do not disqualify an attorney on the grounds of conflict of interest unless there is (or was) an attorney-client relationship between the party seeking disqualification and the attorney the party seeks to disqualify. See *In re Yarn Processing Patent Validity, Celanese Corp. v. Leesona Corp.* (C.A.5, 1976), 530 F.2d 83, and cases cited therein; see, also, *Dana Corp. v. Blue Cross & Blue Shield Mut. of Northern Ohio* (C.A.6, 1990), 900 F.2d 882.[1] Many courts that have dealt with the issue of whether disqualification of counsel is proper have looked to their respective codes of professional responsibility for guidance. Our research indicates that courts in Ohio are not an exception to this practice.

Specifically at issue in this appeal is DR 5–101(A), which provides that "[e]xcept with the *consent* of his *client after full disclosure,* a lawyer shall not accept employment if the exercise of his professional judgment on behalf of his client will be or reasonably may be affected by his own financial, business, property, or personal interests." (Emphasis added.) DR 5–101(A) establishes a two-step procedure to be followed prior to counsel's accepting employment. Counsel must fully disclose all conflicts to the client and the client must thereafter consent to the representation. The Disciplinary Rule, however, does not require that counsel obtain, in the event that a conflict exists, consent from all parties involved in the litigation. Thus, based on the foregoing, we hold, as did the court of appeals, that, as a general rule, a stranger to an attorney-client relationship lacks standing to complain of a conflict of interest in that relationship.

In their first proposition of law, appellants argue that an attorney-client relationship is not a prerequisite in order for a party to the litigation to seek disqualification. Specifically, appellants assert they have standing to seek disqualification of Schulman due to his duties, obligations and responsibilities as a limited partner. In support of their contention, appellants cite *Greene v. Greene* (1979), 47 N.Y.2d 447, 418 N.Y.Supp.2d 379, 391 N.E.2d 1355; *In re*

---

1. In *Dana Corp., supra,* the United States Sixth Circuit Court of Appeals stated a three-part test for disqualification of counsel: "(1) a past attorney-client relationship existed between the party seeking disqualification and the attorney it seeks to disqualify; (2) the subject matter of those relationships was/is substantially related; and (3) the attorney acquired confidential information from the party seeking disqualification. * * *" (Citation omitted.) *Id.* at 889.

*Liberty Music & Video, Inc. v. 49–50 Associates* (S.D.N.Y.1985), 54 B.R. 799; and *Cable Oakland v. Wilson* (1988), 201 Cal.App.3d 530, 247 Cal.Rptr. 778.

We believe that an attorney's obligations and responsibilities to a party, including the attorney's financial, business or personal interests can, in appropriate circumstances, be a basis for disqualification. However, such is not the case here.

Schulman's obligations and responsibilities are minimal in comparison to the entanglements presented in the above cases set forth by appellants. As a result of the ELRA settlement agreement, Schulman and members of his law firm became limited partners in the partnership and, all totalled, said interests amounted to less than one percent of the outstanding interests in the limited partnership. By becoming limited partners, Schulman and his associates did not obtain a voice in the management of the partnership. At most, Schulman and those members of his firm that acquired an interest became passive investors.

Furthermore, a common thread that runs through the cases relied upon by appellants is that the attorney or firm the complaining party sought to disqualify was privy to information, confidential or otherwise that, if revealed, would have been adverse or detrimental to the complaining party's cause. However, such a fact pattern does not exist in this situation.

Section 7.1.(b) of the second amended limited partnership agreement provides that " * * * [t]he General Partners shall not be required to provide information to Limited Partners which is not specifically required by the Ohio Revised Code or which they in their sole discretion deem confidential or the disclosure of which may be detrimental to the business of the Partnership * * *." By letter dated July 29, 1988, appellants invoked this section. Appellee does not challenge and, for that matter, concedes that the general partners may withhold information from Schulman in his capacity as an investor-limited partner which they deem to be confidential or detrimental to the partnership.[2]

Additionally, we reject appellants' argument that they have standing to move for disqualification of Schulman due to his access to, and potential misuse of, information specifically acquired in the ELRA case, to wit: the terms of the settlement agreement, and the stipulated confidentiality orders relating to discovery. With respect to this issue, the court of appeals held,

---

2. Appellants also argue that Schulman, in his capacity as counsel for Morgan, could acquire information that might cause a vote for the subsequent removal of a general partner. This is, indeed, a curious allegation. However, given our findings *infra*, appellant's argument is not well taken.

and we agree: "There is no evidence to suggest that the ELRA matter is substantially related to the present matter or that Schulman has breached or will breach the confidentiality orders of the ELRA case. Indeed, it has not been shown that the discovery in the ELRA [case] has or will impact the present matter before the court. At best, this is an unsupported allegation."

Appellants also contend that the trial court reached the proper conclusion in disqualifying Schulman due to the conflicts of interest that exist between Schulman and his current client, Morgan, and Schulman and his former client, Hanneman. Disagreeing, Morgan essentially urges that Schulman has fully complied with DR 5-101(A) and, therefore, conflicts, if any, have been redressed by waiver.

We are cognizant that under certain circumstances a client's waiver with respect to a conflict of interest should be given little or no weight by the trial court. In such an instance, the court may substitute its own judgment respecting the propriety of the representation. A trial court has the inherent authority to supervise members of the bar appearing before it and this necessarily includes the power to disqualify counsel in specific cases. *Royal Indemnity Co. v. J.C. Penney Co.* (1986), 27 Ohio St.3d 31, 33–34, 27 OBR 447, 449, 501 N.E.2d 617, 620; *Mentor Lagoons, Inc. v. Rubin* (1987), 31 Ohio St.3d 256, 259, 31 OBR 459, 462, 510 N.E.2d 379, 382. However, we are satisfied, given the facts of this case, that the waivers executed by Morgan and Hanneman have effectively cured any conflicts that may exist between Schulman and Morgan, and Schulman and Hanneman.

The record in the case at bar indicates that Schulman, prior to accepting employment by Morgan, disclosed to Morgan that Schulman and members of his firm were in the process of obtaining interests in the limited partnership, and that a potential conflict existed since any recovery by Morgan in the litigation would reduce the value of Schulman's and his associates' interests in the partnership. In addition, Schulman informed Hanneman that Schulman's representation of Morgan might be adverse to Hanneman's interests because any recovery by Morgan would diminish the value of Schulman's and Hanneman's interests in the partnership, and that Schulman's representation of Morgan might involve the use of information developed in the ELRA case. Furthermore, Morgan stated that Schulman never informed him of any of the terms of the settlement agreement in the ELRA case.

Therefore, based on the foregoing, we find that appellants, as strangers to the attorney-client relationship, lack standing to assert that a conflict of interest exists. The facts of this case do not warrant an exception to the general rule. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, WRIGHT, H. BROWN and RESNICK, JJ., concur.

HOLMES, J., dissents.