DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from the July 9, 2004 judgment of the Wood County Court of Common Pleas, Domestic Relations Division. Appellee, Jeffrey A. Bunkers, filed a motion to disqualify Jude Aubry who had entered an appearance as new counsel for appellant, Annette J. Gruetter Bunkers. A hearing was held on February 19, 2004, before Magistrate Thomas J. Bamburowski. Magistrate Bamburowski denied appellee's motion to disqualify appellant's counsel. Appellee filed objections. The trial court rejected the magistrate's decision and granted appellee's motion to disqualify appellant's counsel. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} Appellant raises the following sole assignment of error on appeal:
 {¶ 3} "The trial court erred in granting appellee's motion to disqualify appellant's counsel."
 {¶ 4} A trial court has the inherent authority to supervise members of the bar appearing before it, which includes the power to disqualify counsel in specific cases. Morgan v. North Coast Cable Co. (1992),63 Ohio St.3d 156, 161, citing, Royal Indemnity Co. v. J.C. Penney Co.
(1986), 27 Ohio St.3d 31, 33-34; and Mentor Lagoons, Inc. v. Rubin
(1987), 31 Ohio St.3d 256, 259. In order to disqualify a party's counsel, all of the following must apply: (1) a past attorney-client relationship existed between the party seeking disqualification and the attorney he wishes to disqualify; (2) the subject matter of the past relationship was/is substantially related to the present case; and (3) the attorney acquired confidential information from the party seeking disqualification. Morgan at 159, fn1, and Kitts v. U.S. Health Corp.
(1994), 97 Ohio App.3d 271, 275-276, citing, Dana Corp. v. Blue Cross Blue Shield Mut. of Northern Ohio (C.A.6, 1990), 900 F.2d 882.
 {¶ 5} The standard of review for determining whether the court erred in disqualifying counsel is whether the court abused its broad discretion. State ex rel. Keenan v. Calabrese (1994), 69 Ohio St.3d 176,180, citing, Centimark Corp. v. Brown Sprinkler Serv., Inc. (1993),85 Ohio App.3d 485, 487. A court's determination regarding disqualification will not be reversed in the absence of an abuse of that discretion. Randal S.O. v. Tammy M.R., 6th Dist. No. H-04-011,2004-Ohio-6469, ¶ 9, citing, Centimark at 487. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 6} In this case, appellant filed a divorce action against appellee in March 2001. The trial on this matter concluded in March 2003. Appellant was represented by James Hammer during the trial. In November 2003, the parties were still awaiting a decision from the trial court regarding the outcome of their trial. On November 7, 2003, Hammer withdrew as counsel for appellant and Jude Aubry entered an appearance on her behalf. On December 4, 2003, Attorney Aubry filed a motion for new trial concerning the issue of whether the parties should have filed a joint income tax return for 2002. On December 5, 2003, appellee filed a motion to disqualify Aubry on the basis that, in 1991 and 1992, Aubry had represented appellee in a divorce proceeding against appellee's former wife. A hearing was held on February 19, 2004, regarding appellee's motion.
 {¶ 7} It was disclosed at the hearing that some financial information and a number of assets, including appellee's business, an airplane, a motorcycle, a Toyota automobile, investment accounts, and real property, that are at issue in the present case, were also in issue during the prior divorce. Additionally, in order to value appellee's business, tax returns which were used in the prior case were also used in the present case. With respect to appellee's assets, Aubry testified that he knew nothing more about appellee's assets than what appellee disclosed on the record in the prior case.
 {¶ 8} Also during the hearing, appellee testified that he disclosed to Aubry, during his prior divorce action, personal and confidential information concerning, for example, whether he was a compromising or uncompromising person, as well as personal financial information regarding the nature of his business and his income. Aubry testified that none of the issues he discussed with appellant were similar to any subject discussed with appellee during his prior divorce. However, Aubry testified that there was a possibility that he "might in the future represent [appellant] in other matters" concerning the current divorce case, beyond just whether the parties should have filed a joint tax return in 2002.
 {¶ 9} In its decision, the trial court held that each prong of the three-part test set forth in Dana Corp., 900 F.2d 882, was satisfied in this case. Clearly, Aubry represented appellee in a prior divorce proceeding and represents appellant herein. With respect to the second prong, the trial court held that the two cases contained "very clearly substantially related subject matter," insofar as identical assets were in issue in each case. With respect to the third prong, the trial court held that there was a rebuttable presumption that confidential information was shared by appellee with Aubry and that the duty therefore fell on Aubry to show that he did not receive any confidential information. The trial court held: "Even though the 1991 divorce was uncontested, and the value of the orthodontic practice was `unknown,' Mr. Aubry would have been thoroughly briefed on Dr. Bunkers's view of its value, valuation techniques, points to downplay, and issues to emphasize. The possession of any information regardless of its secrecy is sufficient."
 {¶ 10} On appeal, appellant argues that the trial court erred in finding that Aubry's work on appellee's 1991-1992 divorce was substantially related to Aubry's current representation of appellant concerning the parties' 2002 income tax filings. Specifically, appellant argues that appellee failed to meet his burden to establish that the matters in the two cases are substantially related and that, although appellee's financial information was a subject in both cases, the passage of time would indicate that Aubry had no knowledge of appellee's current assets.
 {¶ 11} Appellant further argues that the trial court failed to determine that Aubry possessed any confidential information, or that there was any danger of confidential information being used to appellee's detriment. In particular, appellant argues that the trial court needed to determine whether confidential information gained in the prior attorney-client relationship would be used to the party's detriment in the subsequent action. Asserting that Aubry only represents appellant regarding the parties' 2002 tax return, which was not a subject of the prior divorce, appellant argues that any information Aubry had regarding appellee's financial information would not be prejudicial to appellee with respect to the motion filed by Aubry on appellant's behalf.
 {¶ 12} Upon a thorough review of the record, we find that the trial court did not abuse its discretion in determining that each prong of the three-part disqualification test was satisfied. As to the first prong of the test, we find that appellee and Aubry clearly had a prior attorney-client relationship during appellee's 1991-1992 divorce proceedings. As to the second prong, we find that insofar as some identical assets that were in issue in the previous case are at issue in this case, there is a substantial relationship between the subject matter of both cases. We also find that because some of the assets are identical, the passage of time does not rectify the fact that Aubry previously obtained information from appellee regarding these assets. With respect to appellant's argument that there is no substantial relationship between the parties' 2002 tax return and the assets discussed with Aubry in the prior case, despite appellant's arguments to the contrary, we find that Aubry's previously obtained knowledge regarding appellee's financial situation is substantially related to the issue raised by Aubry in his December 2003 motion. Moreover, we note that Aubry testified that his representation of appellant in this case is not limited to that sole issue and that he may raise other issues in the future on appellant's behalf.
 {¶ 13} As to the third prong, we find that appellee testified that he disclosed confidential information, both personal and financial, to Aubry. Clearly, the court agreed that Aubry possessed confidential information when it held that "Even though the 1991 divorce was uncontested, and the value of the orthodontic practice was `unknown,' Mr. Aubry would have been thoroughly briefed on Dr. Bunkers's view of its value, valuation techniques, points to downplay, and issues to emphasize." Additionally, insofar as the cases were both divorce cases and some of the identical assets were an issue in each case, we find that the trial court did not abuse its discretion in finding that there was a presumption that Aubry possessed confidential information concerning appellee's assets. Since the present case concerns some of the identical assets appellee discussed with Aubry and Aubry's representation of appellant is not limited to the 2002 tax returns, we find that there is an obvious danger that Aubry would use confidential information in his representation of appellant to appellee's detriment.
 {¶ 14} Based on the foregoing, we find that each prong of the test for determining disqualification has been met in this case and that the trial court did not abuse its discretion in disqualifying Aubry from representing appellant in this case. Appellant's sole assignment of error is therefore found not well-taken.
 {¶ 15} On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Wood County Court of Common Pleas, Domestic Relations Division, is affirmed. Pursuant to App.R. 24, costs are assessed to appellant.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Glasser, J., Concur.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.