LITIGATION MANAGEMENT, INC., Appellee,

v.

BOURGEOIS et al., Appellants.

[Cite as *Litigation Mgt., Inc. v. Bourgeois,* 182 Ohio App.3d 742, 2009-Ohio-2266.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 91818.

Decided May 14, 2009.

744

Frantz Ward L.L.P., James B. Niehaus, Kelley J. Barnett, Thomas J. Piatak, and Timothy J. Richards;  and Pierce Stronczer Law, L.L.P., Linda L. Sheets, and Michelle Pierce Stronczer, for appellee.

Ogletree, Deakins, Nash, Smoak & Stewart, Robert C. Petrulis, and Bruce G. Hearey;  and Cowen & Humphrey Co., L.P.A., and Mary G. Balazs, for appellants.

---

SEAN C. GALLAGHER, Presiding Judge.

{¶ 1} Appellants Jane D. Brunn, Linda R. Shifman, Mary Lou Fisher, Carol A. Maxwell, Cheryl U. Streicher, Phyllis McNicholas, Roberta Bandel Walcer, Ruth Golladay, and Diane Zisis appeal the trial court's decision to disqualify the law

firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. ("the Ogletree firm"), as defense counsel. For the reasons set forth below, we affirm.

{¶ 2} On March 31, 2008, appellee, Litigation Management, Inc. ("LMI"), filed a verified complaint alleging that the individual defendants were employed by LMI and now work for Excelas, L.L.C., a competitor in the medical-litigation-support industry. The complaint asserted claims for breach of noncompete, nonsolicitation, and confidentiality agreements; intentional interference with contractual relationships; actual and threatened misappropriation of trade secrets; and unjust enrichment.

{¶ 3} The defendants named in the action included the appellants, who were represented by Robert C. Petrulis and the Ogletree firm. Also named as defendants were Excelas, L.L.C., and its owner, Jean C. Bourgeois, who is also the former chief operating officer of LMI. Excelas and Bourgeois are represented by other counsel and are not parties to this appeal.

{¶ 4} On April 14, 2008, LMI filed a motion to disqualify the Ogletree firm from representing any defendants. The appellants opposed the motion, and the court held a hearing on the matter.

{¶ 5} The basis of the motion to disqualify was that an associate in the Ogletree firm, Kristin Ulrich Somich, had previously performed legal work for LMI during her prior employment at Baker & Hostetler, L.L.P. Testimony and evidence presented at the hearing established that Somich had provided research and analysis of possible causes of action that LMI may have had, as of March 2006, against defendants Excelas and Bourgeois.

{¶ 6} In 2006, Somich was a first-year associate at Baker & Hostetler. She performed research and analysis on the matter, but she was not involved in any meetings with LMI and she did not have any contact with the client. Somich testified that she does not recall the specifics of her research or any other details of the project, including what information was provided to her or what advice LMI was given. She testified she only recalled doing general research on the matter. She also indicated that the billing sheets in the case refreshed her recollection of the topics she had been asked to research.

{¶ 7} Testimony was provided by attorney Michelle Pierce Stronczer, the partner at Baker & Hostetler who asked Somich to perform legal research regarding causes of action that LMI might have against Excelas or Bourgeois, including potential claims for breach of contract and of a noncompetition agreement and misappropriation of trade secrets. Stronczer stated that in the course of working on the matter, she disclosed to Somich confidential information about the way LMI conducts its business. Because the information was confidential, Stronczer did not testify to the details thereof. Stronczer also testified that a

legal strategy based upon Somich's research and analysis was recommended to LMI, and that the strategy was shared with Somich.

{¶ 8} Stronczer further testified about an exhibit, which was an excerpt of a bill to LMI, that reflected that Somich had spent approximately 14.6 hours researching the matter. Stronczer stated that a total of four attorneys were involved in providing legal advice to LMI in connection with the matter and that Somich spent significantly more time on the matter than the other attorneys who were involved. While an objection was raised to this exhibit, portions of which were redacted, Stronczer testified that she had personal knowledge of how much time each of the attorneys spent on the matter and that "[Somich's] work on this matter was the cornerstone of the basis for the decisions that were made."

{¶ 9} According to Stronczer, no action was brought against Excelas or Bourgeois in 2006 because there were insufficient facts at that time to form the basis of a lawsuit. Stronczer testified that the claims asserted by LMI in the present lawsuit are the same claims that Somich researched and analyzed in March 2006.

{¶ 10} Somich testified that she did not dispute Stronczer's testimony, but that she simply could not recall the details of the matter.

{¶ 11} The trial court determined that the instant matter is a "substantially related matter" to the former matter in which Somich performed her research analysis. The court concluded that Somich was required to be disqualified from representing any of the defendants in this matter pursuant to Prof.Cond.R. 1.9. The trial court further determined that Somich had "substantial responsibility" for the former matter and that disqualification of the Ogletree firm was required pursuant to Prof.Cond.R. 1.10. Upon these findings, the trial court granted LMI's motion to disqualify defense counsel.

{¶ 12} Appellants filed this appeal from the trial court's ruling. Appellants assert one assignment of error with multiple subparts that argue that the trial court erred by ordering disqualification. We find the argument is without merit.

{¶ 13} In reviewing a trial court's decision to disqualify a party's counsel, we apply an abuse-of-discretion standard. *155 N. High v. Cincinnati Ins. Co.* (1995), 72 Ohio St.3d 423, 426, 650 N.E.2d 869. An abuse of discretion implies that the trial court's attitude in reaching its decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. We are mindful that disqualification constitutes a "drastic measure which courts should hesitate to impose except when absolutely necessary," in large part because it deprives a client of the counsel of his choosing. *Kala v. Aluminum Smelting & Refining Co.* (1998), 81 Ohio St.3d

1, 6, 688 N.E.2d 258, citing *Freeman v. Chicago Musical Instrument Co.* (C.A.7, 1982), 689 F.2d 715, 721.

{¶ 14} We first consider the disqualification of attorney Somich. The relevant Ohio Rules of Professional Conduct are as follows:

> Unless the former client gives informed consent, confirmed in writing, a lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client.

Prof.Cond.R. 1.9(a).

> "Substantially related matter" denotes one that involves the same transaction or legal dispute or one in which there is a substantial risk that confidential factual information that would normally have been obtained in the prior representation of a client would materially advance the position of another client in a subsequent matter.

Prof.Cond.R. 1.0(n).

{¶ 15} The notes to Prof.Cond.R. 1.9 indicate that "[t]he rule articulates the substantial relationship test adopted by the Supreme Court in *Kala v. Aluminum Smelting & Refining Co., Inc.* (1998), 81 Ohio St.3d 1[, 688 N.E.2d 258]." As set forth in *Kala,* to determine whether counsel should be disqualified from representing a client in an action against a former client, the court should use the following three-part analysis:

> (1) Is there a substantial relationship between the matter at issue and the matter of the former firm's prior representation;
>
> (2) If there is a substantial relationship between these matters, is the presumption of shared confidences within the former firm rebutted by evidence that the attorney had no personal contact with or knowledge of the related matter; and
>
> (3) If the attorney did have personal contact with or knowledge of the related matter, did the new law firm erect adequate and timely screens to rebut a presumption of shared confidences with the new firm so as to avoid imputed disqualification?

*Kala,* 81 Ohio St.3d 1, 688 N.E.2d 258, at syllabus.

{¶ 16} In considering the first step of the analysis, "matters are substantially related if there is some 'commonality of issues' or a 'clear connection' between the subject matter of the former representation and that of the subsequent representation." *Harsh v. Kwait* (Oct. 5, 2000), Cuyahoga App. No. 76683, 2000 WL 1474501, *2, quoting *Phillips v. Haidet* (1997), 119 Ohio App.3d 322, 327, 695 N.E.2d 292. Appellants challenge the trial court's reliance on an "intentionally incomplete partial invoice" and argue that the invoice does not

support the argument that Somich conducted research on a "substantially related matter." Appellants also claim that Stronczer's testimony was largely conclusory and that the research memorandum was never provided to the trial court for an in-camera inspection.

{¶ 17} Our review of the record shows us that the trial court conducted an adequate inquiry to determine whether the matters are substantially related. Testimony was presented that the prior matter entailed LMI's potential claims of breach of contract/noncompetition agreement and misappropriation of trade secrets against Excelas and Bourgeois. Consistent with Stronczer's testimony, the record reflects these same claims have been asserted in this matter. Testimony was presented that Somich performed research and analysis on the potential claims against Excelas and Bourgeois, confidential information about LMI was disclosed to Somich, and legal strategy was shared with Somich. According to Stronczer, "[Somich's] work on this matter was the cornerstone of the basis for the decisions that were made." Somich did not dispute this testimony but stated she did not recall any specifics of the matter.

{¶ 18} We find that the record clearly demonstrates that there is some commonality of issues and a clear connection between the subject matter of the former representation and that of the subsequent representation. Furthermore, we reject appellants' argument that LMI should be estopped from claiming that the matters are substantially related. We find no abuse of discretion with respect to the trial court's determination that there is a substantial relationship between the matter at issue and the prior representation.

{¶ 19} Under the second step of the analysis, where a substantial relationship exists, there is a presumption of shared confidences with the prior firm and the burden is on the party objecting to the disqualification to rebut the presumption. *Kala,* 81 Ohio St.3d at 8–10, 688 N.E.2d 258; *Harsh,* 2000 WL 1474501.

{¶ 20} As found above, the record in this case demonstrates that Somich represented LMI in the former matter and that a substantial relationship exists to the present action, in which appellants' interests are adverse to LMI. Thus, there is a presumption of shared confidential information. Although Somich did not have contact with LMI, she did perform legal research and analysis with respect to the client's potential claims. Further, her testimony that she did not recall the details of the former matter was insufficient to rebut the presumption of shared confidences with respect to the matter, particularly in light of Stronczer's testimony that shared confidences existed.

{¶ 21} We also are unpersuaded by appellants' argument that any confidential information in 2006 has been rendered obsolete by the information in this lawsuit that has been made available to the public. Stronczer testified that confidential

information and strategy were discussed with Somich and that the pleadings in this matter do not disclose all of the information that was discussed with her in 2006. Upon our review, we find that appellants failed to adequately rebut the presumption of shared confidences under the second step of the analysis.

{¶ 22} Under the third step of the analysis, if the attorney had personal contact with the case or knowledge of the matter, there is a presumption of shared confidences with the new firm that may be rebutted by evidence that the law firm erected "an adequate and timely screen" so as to prevent the flow of confidential information from the quarantined attorney to other members of the law firm. *Kala*, 81 Ohio St.3d at 11, 688 N.E.2d 258. "A very strict standard of proof must be applied to the rebuttal of this presumption of shared confidences, however, and any doubts as to the existence of an asserted conflict of interest must be resolved in favor of disqualification in order to dispel any appearance of impropriety." Id., citing *LaSalle Natl. Bank v. Lake Cty.* (C.A.7, 1983), 703 F.2d 252, 257.

{¶ 23} Appellants failed to provide evidence to rebut the presumption of shared confidences with the Ogletree firm. Somich testified that the Ogletree firm is a relatively small firm, that she spends about 60 percent of her time working on matters with attorney Robert C. Petrulis, that she reviewed the pleadings in this matter, and that she discussed with attorney Petrulis the content of the time charges to LMI with respect to the former representation. Appellants failed to provide any evidence of a screen or "Chinese wall" to prevent the sharing of any confidential information. Accordingly, appellants have failed to prove the third step of the analysis needed to rebut the presumption of the conflict of interest raised in LMI's motion to disqualify counsel. Upon our review, we find that the trial court did not abuse its discretion in finding that the disqualification of attorney Somich was warranted under Prof.Cond.R. 1.9.

{¶ 24} We next consider the disqualification of the Ogletree firm. The relevant Ohio Rules of Professional Conduct are as follows:

> When a lawyer has had substantial responsibility in a matter for a former client and becomes associated with a new firm, no lawyer in the new firm shall knowingly represent, in the same matter, a person whose interests are materially adverse to the interests of the former client.

Prof.Cond.R. 1.10(c).

> In circumstances other than those covered by Rule 1.10(c), when a lawyer becomes associated with a new firm, no lawyer in the new firm shall knowingly represent a person in a matter in which the lawyer is personally disqualified under Rule 1.9 unless both of the following apply: (1) the new firm timely screens the personally disqualified lawyer from any participation in the matter

and that lawyer is apportioned no part of the fee from that matter; (2) written notice is given as soon as practicable to any affected former client.

Prof.Cond.R. 1.10(d).

"Substantial" when used in reference to degree or extent denotes a matter of real importance or great consequence.

Prof.Cond.R. 1.0(m).

{¶ 25} Appellants argue that LMI failed to prove that Somich had a "substantial responsibility" for the 2006 matter, and therefore the Ogletree firm should not have been disqualified. Appellants assert, among other related points, that Somich was a young associate, that she only performed 14.6 hours of general research on the matter, that she did not recall any details of the matter concerning LMI, that she did not have any contact with the client, and that Stronczer was the attorney principally responsible for the work. The trial court determined that "[Somich's] work may not have qualified her as LMI's primary counsel at Baker & Hostetler, but it surely qualified her as she did have 'substantial responsibility' for this 'matter,' i.e., possible litigation against Excelas and others associated with Excelas."

{¶ 26} Appellants place great emphasis on the fact that Stronczer was LMI's primary counsel. However, this does not preclude a finding that other attorneys had "substantial responsibility" for the matter. In making a determination of "substantial responsibility," Prof.Cond.R. 1.10(c), Comment 5B, provides as follows: "Determining whether a lawyer's role in representing the former client was substantial [in these circumstances] involves consideration of such factors as the lawyer's level of responsibility in the matter, the duration of the lawyer's participation, the extent to which the lawyer advised or had personal contact with the former client and the former client's personnel, and the extent to which the lawyer was exposed to confidential information of the former client likely to be material in the matter."

██ {¶ 27} In this case, although Somich did not have contact with the former client and the matter was a relatively short engagement, there was testimony that she was given confidential information about LMI, that she researched and analyzed potential claims that are substantially related to this matter, that her work product formed the basis for the advice given to the client, and that the legal strategy given to the client was shared with Somich. Somich was personally involved in the former representation of LMI to an important, material degree in the investigative or deliberative process. Further, we do not find that her inability to recall the details of the former matter, and the confidences disclosed therein, prevents disqualification of the Ogletree firm in this matter. See *Randal*

*S.O. v. Tammy M.R.,* Huron App. No. H–04–011, 2004-Ohio-6469, 2004 WL 2785462; *Hamrick v. Union Twp.* (S.D.Ohio 1999), 79 F.Supp.2d 871.

{¶ 28} The trial court's decision is well reasoned and supported by the law. We are unable to conclude that the decision was arbitrary, unreasonable, or unconscionable. Accordingly, we find no abuse of discretion in the trial court's determination that Somich had substantial responsibility in the former matter and that disqualification was required under Prof.Cond.R. 1.10(c).

{¶ 29} Further, even had we found that the record did not support a finding that Somich had substantial responsibility, disqualification of the Ogletree firm would still be required pursuant to Prof.Cond.R. 1.10(d). As provided in Comment 5A to Prof.Cond.R. 1.10, "Division (d) provides for removal of imputation of a former client conflict of one lawyer to a new firm in all other instances in which a personally disqualified lawyer moves from one firm to another, provided that the personally disqualified lawyer is properly screened from participation in the matter and the former client or client's counsel is given notice." The record in this case shows that Somich acknowledged she reviewed the pleadings in this matter and had discussed with attorney Petrulis the content of the LMI billing invoice from the former matter. Furthermore, appellants failed to establish that they took any action to timely and effectively screen Somich from participation in this matter. Therefore, disqualification of the Ogletree firm was also required by Prof.Cond.R. 1.10(d).

{¶ 30} Finding no error in the trial court's determination to disqualify the Ogletree firm, appellants' assignment of error is overruled.

Judgment affirmed.

McMONAGLE, J., concurs.

BLACKMON, J., concurs in judgment only.

PATRICIA ANN BLACKMON, Judge, concurring.

{¶ 31} I concur in judgment only. I write separately because I believe that Somich's relationship with LMI was minimal and should not be imputed to Ogletree; however, the law is so broad that I am compelled to agree with the ultimate conclusion of the majority opinion.

{¶ 32} Under the present law, the underlying premise is that no lawyer should undertake a matter that is directly adverse to a former client's interest, unless, of course, that client consents. In my view, in order to raise the presumption of shared confidences, the disqualified lawyer must have had a substantial responsi-

bility for the client's matters to be in a position to receive or acquire actual confidences. To meet this test, the confidence must be real.[1]

{¶ 33} The best example of a real confidence, which raises the presumption, is in *Majestic Steel Serv., Inc. v. Disabato.*[2] There, the disqualified law firm had represented the movant in a wide variety of matters such as drafting and advising on noncompete covenants, which were the subject of the lawsuit. Thus, the disqualified law firm was in a position to receive confidences because it was substantially responsible for the client's matters.

{¶ 34} In this case, Kristin Ali Somich became a lawyer in 2005 and worked at Baker & Hostetler in 2006. In 2006, Michelle Pierce Stronczer, a former partner at Baker and now LMI's lawyer, assigned a research task to Somich. Somich was to answer the question whether LMI could sue its former employee, Jean Bourgeois, for trade secrets and noncompete violations. During the project, Somich never met with LMI, and it is undisputed that the primary lawyer for the LMI was Stronczer. Bourgeois had departed LMI in 2003 and is not a party in this appeal; however, this case is about her and her nine employees who once worked for LMI.

{¶ 35} The evidence to support the motion to disqualify is a 14.6–hour billing statement as well as Stronczer's allegation that she shared confidences with Somich about LMI's operation and its legal strategy against Bourgeois. The evidence that contradicts the motion to disqualify is Somich's statement that she does not remember the research or any shared confidences, she never met with LMI during that research project, the research project did not involve these nine defendants, and the research was not presented in the form of a document or otherwise for in-camera inspection by the trial court.

{¶ 36} In view of these facts, nothing exists in the record that establishes any real confidences. Consequently, I agree with Ogletree that Stronczer's testimony that she shared LMI's confidences with Somich is not sufficient as a matter of law to raise the presumption of the existence of actual or real confidences. Accordingly, Stronczer's testimony states that she shared the confidences with Somich, but her testimony does not establish what the actual confidences were. I do not believe the presumption arises when the disqualified lawyer's involvement is minimal. Consequently, the movant has the burden of proving the actual confidences. In this case, this could have easily been accomplished through an

---

1. See *Dana Corp. v. Blue Cross & Blue Shield Mut. of N. Ohio* (C.A.6, 1990), 900 F.2d 882, and *Kala v. Aluminum Smelting & Refining Co., Inc.* (1998), 81 Ohio St.3d 1, 688 N.E.2d 258.

2. (Oct. 21, 1999), Cuyahoga App. No. 76540, 1999 WL 961465.

in-camera inspection. Therefore, I believe that in this matter, the right to the lawyer of one's choice greatly outweighs the movant's right to disqualify.