[Cite as *Douglass v. Priddy*, 2014-Ohio-2881.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| DAVID D. DOUGLASS, COURT APPOINTED RECEIVER FOR MYRIADHEALTH, LLC, | : | **O P I N I O N** |
| | : | |
| Plaintiff-Appellee, | : | **CASE NO. 2013-G-3172** |
| - vs - | : | |
| PAMELA S. PRIDDY, et al., | : | |
| Defendants-Appellants. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 12 M 000956.

Judgment: Affirmed.

*Roy J. Schechter*, 230 Bridge Building, 18500 Lake Road, Cleveland, OH 44116 (For Plaintiff-Appellee).

*Daniel L. Bell*, 1799 Akron-Peninsula Road, Suite 228, Akron, OH 44313 (For Defendants-Appellants).

TIMOTHY P. CANNON, P.J.

{¶1} Appellants, Pamela S. Priddy and Health Plan Administrators, LLC ("HPA"), appeal the judgment of the Geauga County Court of Common Pleas granting the motion to disqualify appellants' counsel filed by appellee, David D. Douglass, as court-appointed receiver for MyriadHealth, LLC ("Myriad"). The trial court disqualified appellants' counsel, Daniel L. Bell, due to his prior representation of Myriad. For the reasons that follow, we affirm.

{¶2}    Myriad was incorporated in 2003 as a Delaware limited liability company. According to its Ohio application for registration as a foreign limited liability company, Myriad's stated purpose was to "own and operate a health care payment system."

{¶3}    Prior to Priddy entering into an employment contract with Myriad, Priddy inquired whether "the Myriad Operating Agreement would prevent any of the members from participating in another business venture" that competed with Myriad.  Bell, acting in his role as Myriad's outside counsel, advised Priddy on his understanding of Myriad's Operating Agreement in an August 22, 2007 email and of the need to take into account "other contracts" and legal duties that restrict such activity.

{¶4}    In 2008, Myriad retained Bell, who at the time was employed by the Brouse McDowell law firm, to negotiate and draft an employment contract hiring Priddy as company president.  During the negotiation of her employment agreement, Priddy was represented by her own legal counsel.  On August 13, 2008, Priddy signed the employment contract.  The contract was effective retroactive to June 4, 2008.  By this time, Myriad was engaged primarily in the development of software that was to be licensed for use by health care third-party administrators.

{¶5}    In August 2008, Myriad received a $750,000 loan from the Ohio Department of Development for the purpose of furthering Myriad's software development business.  For reasons not contained in the record before this court, the loan failed to spur growth of the business, and Myriad defaulted on the loan in January 2011.  At the time of default, the entire $750,000 principle balance of the loan was unpaid.

2

{¶6} Effective January 31, 2011, Priddy resigned from her position as Myriad's president. Myriad alleges that upon resigning, Priddy immediately directed her energies to her own company, HPA. Like Myriad, HPA is engaged in the third-party administration of employee health plans.

{¶7} On September 20, 2012, Myriad filed a six-count complaint against appellants. Myriad sought damages for breach of contract; tortious interference with contract/prospective business opportunity; conversion; unjust enrichment; breach of fiduciary duties; and violation of Ohio Uniform Trade Secrets Act. Myriad argues, among other things, that Priddy wrongly appropriated its customers in violation of the non-competition/non-solicitation provisions in her employment contract.

{¶8} On November 21, 2012, appellants filed their answers. Priddy's answer included two counter-claims against Myriad for breach of contract and unjust enrichment.

{¶9} On April 18, 2013, Myriad's counsel sent a letter to Bell asking him to terminate his representation of appellants on the grounds that he previously performed legal services on matters directly at issue in the current litigation. Bell responded to the letter on May 5, 2013, reiterating his position that he is not required to end his representation of appellants. Bell also argued that Myriad's failure to assert the issue earlier may constitute a waiver.

{¶10} Thereafter, on June 28, 2013, Myriad filed a motion to disqualify Bell as counsel for appellants. As the basis for its motion, Myriad argued that Bell had previously represented Myriad in matters substantially related to the instant action.

3

Appellants responded to the motion to disqualify Bell on July 12, 2013. On July 31, 2013, Myriad filed a reply in support of its motion to disqualify.

{¶11} On October 24, 2013, a hearing was held on the motion to disqualify Bell. The parties also filed a stipulation of the facts regarding Bell's prior representation of Myriad. On November 5, 2013, the trial court granted Myriad's motion to disqualify Bell.

{¶12} Appellants timely appeal the trial court's November 5, 2013 judgment entry, disqualifying Bell, and assert two assignments of error.

{¶13} In their first assignment of error, appellants assert:

> The Trial Court committed prejudicial error in granting [Myriad's], motion to disqualify counsel because it improperly concluded that [Bell's] former representation of Myriad and his current representation of [appellants] are "substantially related", as that phrase is used in Ohio Rule of Professional Responsibility 1.9(a).

{¶14} Under their first assignment of error, appellants present the issue of whether the trial court erred when it determined that the claims asserted in Myriad's complaint were "substantially related" to the subject matter of Bell's prior representation of Myriad. For the reasons that follow, we hold that the trial court did not abuse its discretion when it ruled that Myriad's claims were substantially related to Bell's prior representation of Myriad.

{¶15} Initially, we note that an order disqualifying an attorney from representing a client in a civil case is a final, appealable order pursuant to R.C. 2505.02(B)(4). *Westfall v. Cross*, 144 Ohio App.3d 211, 218-219 (7th Dist.2001).

{¶16} Furthermore, it is well accepted that disqualification of an attorney is a drastic measure that should not be imposed unless necessary. *Kala v. Aluminum Smelting & Refining Co., Inc.*, 81 Ohio St.3d 1, 6 (1998), citing *Freeman v. Chicago*

4

*Musical Instrument Co.*, 689 F.2d 715, 721 (7th Circ.1982). Despite a general policy against attorney disqualification, a trial court has wide discretion when considering motions to disqualify counsel. *Maple Heights v. Redi Car Wash*, 51 Ohio App.3d 60, 61 (8th Dist.1988). A trial court's determination on whether to grant a motion to disqualify will not be reversed upon review in the absence of an abuse of discretion. *Carr v. Acacia Country Club Co.*, 8th Dist. Cuyahoga No. 91292, 2009-Ohio-628, ¶18, citing *155 N. High, Ltd. v. Cincinnati Ins. Co.*, 72 Ohio St.3d 423, 426 (1995). An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

**{¶17}** Rule 1.9(a) of the Ohio Rules of Professional Conduct sets forth an attorney's duties to former clients: "Unless the former client gives *informed consent*, *confirmed in writing*, a lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a *substantially related matter* in which that person's interests are materially adverse to the interests of the former client." A matter is deemed to be substantially related when it "involves the same transaction or legal dispute or one in which there is a substantial risk that confidential factual information that would normally have been obtained in the prior representation of a client would materially advance the position of another client in a subsequent matter." Prof.Cond.R. 1.0.

**{¶18}** It is undisputed that Myriad did not give consent to Bell to represent appellants in this matter. Therefore, to resolve Myriad's motion to disqualify, the trial court considered the three-part test articulated by the Sixth Circuit Court of Appeals in

*Dana Corp. v. Blue Cross & Blue Shield Mut. Of N. Ohio*, 900 F.2d 882, 889 (6th Cir.1990). The *Dana* test has been applied throughout Ohio's appellate districts. *See, e.g., Cargould v. Manning*, 10th Dist. Franklin No. 09AP-194, 2009-Ohio-5853, ¶7; *Stanley v. Bobeck*, 8th Dist. Cuyahoga No. 92630, 2009-Ohio-5696, ¶13; *Youngstown v. Joenub, Inc.*, 7th Dist. Mahoning No. 01-CA-01, 2001-Ohio-3401, ¶15.

{¶19} The Sixth Circuit stated that the appropriate test for attorney disqualification requires consideration of whether "(1) a past attorney-client relationship existed between the party seeking disqualification and the attorney it seeks to disqualify; (2) the subject matter of those relationships was/is substantially related; and (3) the attorney acquired confidential information from the party seeking disqualification." *Dana* at 889, citing *Cleveland v. Cleveland Elec. Illum. Co.*, 440 F. Supp. 193, 207 (N.D.Ohio 1976). In this case, the trial court found all three prongs were satisfied and, as a result, disqualified Bell.

{¶20} First, it is undisputed there was a past attorney-client relationship between Bell and Myriad. Myriad retained Bell to represent it in the negotiation and drafting of Priddy's employment contract. As counsel for Myriad, Bell also advised Priddy on sections of Myriad's Operating Agreement. Indeed, Bell billed Myriad a significant amount of money for representation related to the negotiation of Priddy's employment contract. As such, the first prong is clearly satisfied.

{¶21} Second, we cannot say that the trial court abused its discretion when it found the subject matter of the past attorney-client relationship was substantially related to the present case. Speaking through its judgment entry, the trial court found that "Priddy's obligations per her employment contract and as a fiduciary were the subjects

6

of Mr. Bell's representation of MyriadHealth and are critical issues in the present case." Bell, on behalf of Myriad, drafted and negotiated Priddy's employment contract. The contract included detailed non-compete and non-solicitation provisions. In drafting the employment contract, Bell received direction from Myriad's board of managers. Myriad alleges that Priddy violated provisions of the employment contract drafted by Bell. While appellants argue that they are not challenging the validity of the employment contract, they are challenging the applicability of certain provisions to the facts of the case. Accordingly, the interpretation of the non-compete and non-solicitation issues will be in dispute. Therefore, the subject matter of the past attorney-client relationship is substantially related to the present case, satisfying the second prong.

{¶22} Finally, we cannot say that the trial court abused its discretion when it made its finding that Bell acquired confidential information from his prior representation of Myriad. The trial court stated, "[i]t is presumed that as counsel for MyriadHealth, attorney Bell was privy to confidential information." In making this conclusion, the trial court directs the parties to the Eighth Appellate District's decision in *Litigation Mgt., Inc. v. Bourgeois*, 182 Ohio App.3d 742 (8th Dist.2009). While the facts in this case are not as clear with respect to the third prong as they were in *Litigation Mgt., Inc.*, they are sufficient to demonstrate that Bell acquired confidential information from his prior representation of Myriad.

{¶23} In its judgment entry, the trial court properly considered Bell's role in advising Myriad regarding its employment contract with Priddy. According to the stipulation of facts, Thomas Dolan, as the Chair of Myriad's Board of Managers, provided Bell with information and direction to use in negotiating the employment

7

agreement. The court considered the substantial amount of information and direction Bell received from Myriad's board of directors while negotiating Priddy's employment contract. The board of directors worked with Bell to determine the language of the contract's non-compete and non-solicitation clauses. The interpretation of these clauses will likely be important to Myriad's suit against appellants. The trial court properly determined that this information possibly contained confidential information that would be critical to the present case. For these reasons, the third prong of the *Dana* test is satisfied.

{¶24} As the three prongs of the *Dana* test were sufficiently proven by Myriad, including that Bell's former representation of Myriad and his current representation of appellants are substantially related, the trial court did not err in disqualifying Bell. Accordingly, appellants' first assignment of error is without merit.

{¶25} In their second assignment of error, appellants assert:

{¶26} "The Trial Court committed prejudicial error when it did not require [Myriad] to present evidence sufficient to show that Myriad would be prejudiced by Attorney Bell's representation of [appellants] against Myriad's current claims."

{¶27} Appellants' second assignment of error fails because Myriad, as a former client, was not required to put forth evidence demonstrating that it would be prejudiced by Bell's representation of appellants. "A former client is not required to reveal the confidential information learned by the lawyer in order to establish a substantial risk that the lawyer has confidential information to use in the subsequent matter." Prof.Cond.R. 1.9, cmt 3. Accordingly, a court can properly assume that confidences were disclosed to the attorney on the subject matter of the representation during the course of the

8

former representation, so long as the former representation was substantially related. *Sarbey v. Natl. City Bank*, 9th Dist. Summit No. 14094, 1990 Ohio App. LEXIS 368, *24 (Jan. 31, 1990), quoting *T.C. Theatre Corp. v. Warner Bros. Pictures, Inc.*, 113 F. Supp. 265, 268 (1953). As discussed above, the trial court properly concluded that the former representation was substantially related to the current dispute, rendering proof of prejudice unnecessary.

{¶28} In arguing that Myriad should have been required to establish prejudice, appellants direct this court to *Morgan v. N. Coast Cable Co.*, 63 Ohio St.3d 156 (1992). In that case, the plaintiff sought recovery against the defendants on the theory of unjust enrichment and fraud. However, *Morgan* is readily distinguishable from the case at hand.

{¶29} The plaintiff's attorney in *Morgan* had previously represented a separate client in litigation against the same defendant. *Id.* at 160. As a result of the previous case's settlement, the plaintiff's attorney acquired a small interest in the defendant's limited partnership. *Id.* The defendant sought to have the plaintiff's attorney disqualified because his interest in defendant's partnership created a conflict between the plaintiff's own interest and that of their attorney. *Id.* at 159. Affirming the decision of the Eighth District Court of Appeals, the Ohio Supreme Court held that the defendants, as strangers to the attorney-client relationship, lack the requisite standing to assert that a conflict of interest exists. *Id.* at 161.

{¶30} The issue in *Morgan* was not whether the defendant was required to present evidence that it would be prejudiced by having one of the firm's limited partners represent the plaintiff. Rather, the issue in that case was whether the defendant had

9

standing to complain of a conflict of interest between the plaintiff and its attorney. *Id.* at 159. That conflict was the plaintiff's attorney's ownership interest in the defendant's limited partnership. *Id.* at 160. In this case, Myriad clearly possesses the requisite standing to challenge appellants' counsel. Accordingly, appellants' reliance on *Morgan* is wholly unpersuasive.

**{¶31}** Appellants' second assignment of error is without merit.

**{¶32}** The decision of the Geauga County Court of Common Pleas disqualifying Bell is affirmed.


DIANE V. GRENDELL, J.,

CYNTHIA WESTCOTT RICE, J.,

concur.