[Cite as *Barnett Mgt. v. Columbia Res. Homeowners Assn.*, 2023-Ohio-4220.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| BARNETT MANAGEMENT, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 112922 |
| v. | : | |
| COLUMBIA RESERVE HOMEOWNERS' ASSOCIATION | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** November 22, 2023

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-966515

### *Appearances:*

Alan J. Rapoport, *for appellee*

Jonathan E. Rosenbaum, *for appellant*

ANITA LASTER MAYS, A.J.:

## I.  Introduction

{¶ 1}  Defendant-appellant Columbia Reserve Homeowners' Association Inc. ("HOA") appeals the trial court's grant of plaintiff-appellee Barnett

Management's ("Barnett") motion to disqualify HOA's counsel. We reverse the trial court's judgment.

{¶ 2} HOA is the homeowners' association for the Columbia Reserve residential development located in Columbia Station, Ohio in the county of Lorain. Barnett was the property management firm for HOA. In March 2022, Barnett sued HOA in Cleveland Heights Municipal Court to recover legal expenses expended for services performed on the HOA's behalf in city of Cleveland Heights. Barnett claimed entitlement to recover pursuant to the indemnification provision of the parties' 2015 management agreement.

{¶ 3} On behalf of HOA, counsel Jonathan E. Rosenbaum ("Rosenbaum") filed a motion to dismiss or to transfer the case to Lorain County. HOA asserted that the validity of the management agreement was an issue in two pending cases in Lorain County involving several parties including HOA and Barnett. HOA also answered and counterclaimed for a sum that exceeded the municipal court's jurisdiction, and on May 16, 2022, the case was transferred to the Cuyahoga County Court of Common Pleas.

{¶ 4} On August 4, 2022, Barnett filed the motion to disqualify at issue in this case. Barnett claimed that Rosenbaum's representation of HOA in the instant case and of Jack Hall ("Hall"), a plaintiff in the Lorain County cases constituted a conflict of interest. In September 2018, Hall, an owner and HOA member at the Columbia Reserve development filed the first of the Lorain County cases pro se against Barnett, property developer Columbia Reserve, Ltd., and others. Causes of

action included violations of the Columbia Reserve Community Development Declaration, Articles, and By-Laws ("Declaration"). Hall sought to compel the developer to relinquish control of HOA and asserted mismanagement by Barnett.

{¶ 5} In October 2018, Rosenbaum entered his appearance as counsel for Hall in that case and, in June 2021, Rosenbaum moved for leave to file an amended complaint. In October 2021, while waiting for a ruling on the motion, Rosenbaum filed a second suit on behalf of Hall in Lorain County that also included a challenge to Barnett's property management activities. In January 2022, Hall was elected as a member and president of HOA's three-member board ("HOA Board"). In February 2022, Barnett issued a notice purportedly terminating the management agreement with Columbia HOA.

{¶ 6} On February 17, 2022, HOA Board voted to retain Rosenbaum "to continue Hall's efforts on behalf of the owners through their HOA." Appellant's brief, p. 3. "In the engagement letter, both Hall and HOA specifically waived any potential conflicts of interest and consented to the dual representation of both Hall and HOA in compliance with Ohio Prof. Cond. R. 1.7 and 1.13. Hall and HOA did so after being advised to consult with independent counsel." *Id.*

{¶ 7} While the motion to disqualify was pending, in December 2022 the Lorain County cases were settled and dismissed with prejudice. On June 15, 2023, the trial court granted Barnett's motion to disqualify Rosenbaum in a summary entry. Findings of fact and conclusions of law were not requested.

{¶ 8} HOA appeals.

## II. Assignment of Error

{¶ 9} HOA assigns a single error: The trial court erred when it disqualified HOA's counsel.

## III. Jurisdiction and Standard of Review

{¶ 10} An order "'granting a motion to disqualify opposing counsel is a final appealable order'" under R.C. 2505.02, *Grimes v. Oviatt*, 8th Dist. Cuyahoga No. 104491, 2017-Ohio-1174, ¶ 37, quoting *Wilhelm-Kissinger v. Kissinger*, 129 Ohio St.3d 90, 2011-Ohio-2317, 950 N.E.2d 516, ¶ 10; *see also Russell v. Mercy Hosp.*, 15 Ohio St.3d 37, 39, 472 N.E.2d 695 (1984). "[A]n order granting disqualification immediately and definitely affects the party it deprives of chosen counsel * * * [and] it typically imposes a permanent effect because it is unlikely to be reconsidered as a trial progresses." (Citations omitted.) *Wilhelm-Kissinger* at ¶ 9-10.

{¶ 11} A trial court has broad discretion in determining a motion to disqualify counsel. *Quiros v. Morales*, 8th Dist. Cuyahoga No. 89427, 2007-Ohio-5442, ¶ 14, citing *Spivey v. Bender*, 77 Ohio App.3d 17, 601 N.E.2d 56 (6th Dist.1991). A trial court also has wide discretion to exercise its "'inherent authority to supervise members of the bar appearing before it'" including an attorney's inability to "'comply with the Code of Professional Responsibility when representing a client.'" *Wynveen v. Corsaro*, 8th Dist. Cuyahoga No. 105538, 2017-Ohio-9170, ¶ 14, quoting *Fried v. Abraitis*, 2016-Ohio-934, 61 N.E.3d 545, ¶ 11 (8th Dist.), citing *Royal Indem. Co. v. J.C. Penney Co.*, 27 Ohio St.3d 31, 501 N.E.2d 617 (1986), and *Mentor Lagoons, Inc. v. Rubin*, 31 Ohio St.3d 256, 510 N.E.2d 379 (1987).

{¶ 12} An unreasonable, unconscionable, and arbitrary decision by a trial court in granting or denying a motion to disqualify counsel constitutes an abuse of discretion and will be reversed upon appellate review. Where there is "'no sound reasoning process that would support the decision,'" the trial court's decision is deemed to be unreasonable. *Wynveen* at ¶ 15, quoting *Fried* at ¶ 11, and citing *Centimark Corp. v. Browning Sprinkler Serv., Inc.*, 85 Ohio App.3d 485, 620 N.E.2d 134 (8th Dist.1993).

{¶ 13} The party moving for disqualification bears the burden of demonstrating the necessity for removal. *WFG Natl. Title Ins. Co. v. Meehan*, 8th Dist. Cuyahoga No. 105677, 2018-Ohio-491, ¶ 24, citing *Mentor Lagoons, Inc. v. Teague*, 71 Ohio App.3d 719, 724, 595 N.E.2d 392 (11th Dist.1991).

## IV. Discussion

{¶ 14} The issue proffered in Barnett's motion to disqualify and reiterated on appeal is that a conflict-of-interest problem exists under Ohio's Prof.Cond.R. 1.7 ("Rule 1.7") because Rosenbaum was representing Hall in Lorain County where Barnett was a defendant, and HOA in the instant case concurrently. The rule addresses conflicts of interest involving current clients:

> (a) A lawyer's acceptance or continuation of representation of a client creates a conflict of interest if either of the following applies:
>
> (1) the representation of that client will be directly adverse to another current client;
>
> (2) there is a substantial risk that the lawyer's ability to consider, recommend, or carry out an appropriate course of action for that client will be materially limited by the lawyer's responsibilities to another

client, a former client, or a third person or by the lawyer's own personal interests.

Rule 1.7(a)(1)-(2).

{¶ 15} Barnett focuses on Rule 1.7(a)(2) and 1.7(b)(1).

(b) A lawyer shall not accept or continue the representation of a client if a conflict of interest would be created pursuant to division (a) of this rule, unless all of the following apply:

(1) the lawyer will be able to provide competent and diligent representation to each affected client.

Rule 1.7(b)(1).

{¶ 16} HOA counters that Barnett lacked standing to raise the potential conflict issue, failed to meet its burden of proof, and that Hall and HOA waived any such conflict in the engagement letter.

{¶ 17} "As a general rule, a stranger to an attorney-client relationship lacks standing to complain of a conflict of interest in that relationship." *Morgan v. N. Coast Cable Co.*, 63 Ohio St.3d 156, 159, 586 N.E.2d 88 (1992), paragraph one of syllabus.

> Typically, courts do not disqualify an attorney on the grounds of conflict of interest unless there is (or was) an attorney-client relationship between the party seeking disqualification and the attorney the party seeks to disqualify. *In re Yarn Processing Patent Validity Litigation v. Leesona Corp.*, 530 F.2d 83 (5th Cir.1976), and cases cited therein; *see, also*, *Dana Corp. v. Blue Cross & Blue Shield Mut.*, 900 F.2d 882 (6th Cir.1990). Many courts that have dealt with the issue of whether disqualification of counsel is proper have looked to their respective codes of professional responsibility for guidance. Our research indicates that courts in Ohio are not an exception to this practice.

(Fn. omitted.) *Id.*

{¶ 18} In determining whether to disqualify a party's attorney based on a conflict of interest, Ohio courts have applied the test set forth in *Dana Corp. v. Blue Cross & Blue Shield Mut. of N. Ohio*, 900 F.2d 882, 889 (6th Cir.1990). (Fn. omitted.) *Stanley v. Bobeck*, 8th Dist. Cuyahoga No. 92630, 2009-Ohio-5696, ¶ 13. The Dana test requires a court to determine whether:

> (1) a past attorney-client relationship must have existed between the party seeking disqualification and the attorney he or she wishes to disqualify; (2) the subject matter of the past relationship must have been substantially related to the present case; and (3) the attorney must have acquired confidential information from the party seeking disqualification.

*Id.*, citing *Dana* at 889, *Morgan* at 159.

{¶ 19} There has been no past attorney-client relationship between Barnett and Rosenbaum. "If a party moving to disqualify an attorney cannot meet the first prong of the *Dana* test, that party lacks standing to seek the disqualification." *Id.*, citing *Morgan* at syllabus. Barnett is unable to pass the first prong of the test. Therefore, additional analysis is not required.

{¶ 20} The assignment of error is sustained.

## V. Conclusion

{¶ 21} The trial court's judgment is reversed and remanded for proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, ADMINISTRATIVE JUDGE

KATHLEEN ANN KEOUGH, J., and
MARY J. BOYLE, J., CONCUR